Tompkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted and convicted for suffering Wm. Reid to escape from the jail of Cooper county. To reverse the judgment of the Circuit Court, he sues out this writ. It is contended that the indictment is defective-in not setting out a sufficient warrant of commitment. It charges that the Constable was commanded, &c., to convey and deliver into the custody of the keeper of the jail of, &c., the body of William Reid, jun’r., &c., taken and brought before him. the said. Justice, *9 and charged before him, &c., upon the oath of James Harris, &c., with stealing one sorrel horse. It is contended that the warrant ought to have contained some allegation that the prisoner was committed for some good cause certain, supported by oath, and that the words stealing; a horse'impart no crime. We are of opinion that it sufficiently appears that Witnesses Were examined to fix the suspicion of guilt on the prisoner. The-forms of warrants of commitments found in the digest of our statute laws, and in Chitty, and the Crown Circuit Companion, are pursued. The second objection is, that horse stealing is no crime punishable by law that it should have been charged, that the prisoner feloniously did steal, &ci In sec. 33d of the act concerning crimes and misdemeanors} page 289 of the Revised Code, it' is enacted that if any person shall steal'from any other person, &c.; any horse, &c.,he, she, &c., shall; be deemed guilty of felony. And on conviction, &c. Without pretending to say that these words would be sufficient in an Indictment, we are inclined to think that, the words are sufficient in a warrant, as they are the words used in the law. And it does not necessarily follow, that a felonious intent was not proved.i. It was also.ob- . jected that the warrant of commitment does not show to whom the horse belonged. To this it may be answered, that it is not a necessary consequence, that there was no evidence to that purpose; and the warrant of commitment need not be so certain as an indictment, the office of which is to present to the accused the charge against which he must defend himself.
The judgment of the circuit court is affirmed..