State *v.* Fletcher.

————————

THE STATE, Plaintiff in Error, *vs.* FLETCHER, Defendant in Error.

1. An indictment which charged the defendant with permitting a gaming device to be "set up *and* used," *was held* not bad for duplicity.

*Error to Putnam Circuit Court.*

*Gardenhire*, (attorney general,) for the State.

RŸLAND, Judge, delivered the opinion of the court.

The defendant was indicted by the grand jury of Putnam county for permitting a gaming table to be set up and used,

for the purpose of playing games of chance for money and property, in a certain house situated in said county, of which said house the said Fletcher then and there had the possession and control; and that he, the said Fletcher, did, knowingly, wilfully and unlawfully permit games of chance to be then and there played at and upon said gambling device, for money; and that money, to-wit, one dollar, was then and there bet, won and lost, contrary, &c.

The defendant moved to quash the indictment, because the same was bad for duplicity; the court sustained this motion, and quashed the indictment; the circuit attorney excepted to the opinion of the court, filed his bill of exceptions, and brings the case here by writ of error.

The indictment is framed on the 17th section of the 8th article of the statute concerning Crimes and Punishments, R. C. 1845. This section declares, that "every person who shall permit any gambling table, bank or device, prohibited by the fifteenth section, to be set up, or used, for the purpose of gaming, in any house, &c., of which he, at the time, had the possession or control, shall be adjudged," &c. The fifteenth section, after naming several kinds of gaming tables, has the general expression, " or any kind of gambling table, or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property," &c. The defendant contends that the offence consists in permitting the gambling device " to be set up or used," and not in both setting up and using; and that, in this indictment, he is charged with both setting up and using the gambling device, and also with permitting games of chance to be played on said gambling device.

1. In the opinion of this court, there is no force in the defendant's objection, and his motion to quash should have been overruled; there is no objection to charging several different acts, either one of which is an offence under the statute which creates it, in one indictment, or in one count of the indictment, although the statute uses the disjunctive form in

,describing the offence.  For instance, it is an offence for any person " to resist or obstruct or oppose the execution of any civil or criminal process."  An indictment charging that the person did " obstruct the execution of such process," would, if properly and formally drawn, be good ; any one of these prohibited acts makes the offence — either " resistance, " " obstruction," or " opposition ;" yet it never was supposed that the indictment would be bad if the pleader had used the conjunctive form, and charged that the person did resist, obstruct *and* oppose the execution, &c., making all the acts constitute but one offence, in the manner charged in the indictment.  See *Storrs* v. *State*, 3 Mo. Rep. 9.  *State* v. *Palmer & Doll*, 4 Mo. Rep. 454.  *Lorton* v. *State*, 7 Mo. Rep. 55.  In prosecutions for misdemeanors, no such technical nicety and certainty are ever required, as the judgment of the Circuit Court in this case is based upon.

  The practice of sustaining motions to quash indictments for every trivial objection, or for every formal defect, tends to the great perversion of justice, and to the increase of offence. The motions to quash are always addressed to the discretion of the court.   There is no legal obligation resting on the court to entertain such motions.   It is most prudent to quash an indictment when the court sees, clearly, that a judgment on it must be arrested ; there is no reason to incur the costs of a trial when it is manifest the indictment is too defective to support a judgment of conviction.   In such cases, the sooner the proceedings are stopped, the better.

  " In case of misdemeanors, the joinder of several offences will not, in general, vitiate in any stage of the prosecution. For, in offences inferior to felony, the practice of quashing the indictment, or calling upon the prosecutor to elect on which charge he will proceed, does not exist.   But, on the contrary, it is the constant practice to receive evidence of several libels and assaults, upon the same indictment.   It was formerly held, that assaults upon more than one individual, could not be joined

in the same proceeding ; but this is now exploded." Chitty's Crim. Law, p. 254, vol. 1.

The judgment of the Circuit Court, quashing the indictment in this case, is erroneous ; it is, therefore, reversed, and the cause remanded. The other judges concurring.