State *v.* Myers.

---

THE STATE, Appellant, *vs.* MYERS, Respondent.

1. An indictment under the thirtieth section of the act concerning "school lands," (R. C. 1845,) which charges the defendant with committing "waste, trespass *and* other injury," &c., "by cutting down *and* carrying away timber," &c., is not bad for duplicity.

*Appeal from Sullivan Circuit Court.*

*Gardenhire*, (attorney general,) for the State.
No appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Valentine S. Myers, was indicted at the April term, 1854, of the Circuit Court of Sullivan county, for trespassing upon school land. At the October term following, the

defendant appeared and filed his motion to quash the indictment. This motion was sustained, and the court quashed the indictment. The circuit attorney excepted to the ruling of the court, filed his bill of exceptions, and brings the case here by writ of error. The indictment, then, raises the only point for our consideration.

1. The indictment charges that "Valentine S. Myers, on, &c., at, &c., with force and arms, unlawfully did commit waste and trespass and other injury upon certain school lands, situated in the county of Sullivan, in the state of Missouri, and then and there known and designated as section sixteen, in township sixty-one, of range twenty-one, by then and there unlawfully cutting down divers, to-wit, fifty timber trees, and fifty other trees, then and there standing and growing upon said lands, and did then and there unlawfully carry away the timber and wood of said trees, contrary," &c.

The defendant's reasons, in support of his motion to quash, are, because " the indictment is double in charging different offences under the same in one count. It is uncertain and insufficient, and does not properly charge any offence under the statute in such cases."

The section of the act upon which this indictment was found, is as follows : Sec. 30. " If any person shall commit waste, trespass or other injury upon any school lands in the state, or upon any improvements thereon, the person so offending shall, upon conviction thereof, be fined in a sum not exceeding five hundred dollars." (R. C. 1845, tit. " School Lands.")

The indictment charges that defendant did commit waste and trespass and other injury upon the sixteenth section, by cutting down fifty timber trees and fifty other trees, and did then and there unlawfully carry away the timber and wood of said trees.

There is no force in the objections taken by the defendant to this indictment. It is clearly and manifestly sufficient, and the court should not have sustained the motion. It is to be regretted that the circuit courts should lend so willing an ear to

such trivial objections to indictments for mere misdemeanors. In the case of *The State* v. *Fletcher*, (18 Mo. Rep. 427,) this court said : "The practice of sustaining motions to quash indictments for every trivial objection, or for every formal defect, tends to the great perversion of justice and to the increase of offence. The motions to quash are always addressed to the discretion of the court." In the same opinion, is a quotation from Chitty on Crim. Law, in which it is laid down that, "in case of misdemeanors, the joinder of several offences will not, in general, vitiate in any stage of the prosecution." It is the constant practice to receive evidence of several libels and assaults upon the same indictment. See, more especially, the case of *State* v. *Storrs*, (3 Mo. Rep. p. 9.)

Here, the cutting and carrying away the timber may be one continued trespass, and it is to the advantage of the defendant that the circuit attorney should thus have considered it one act and one offence.

The judgment of the Circuit Court must be reversed, and the cause remanded; Judge Scott concurring.