SARPY *et al.*, Respondents, v. DETCHEMENDY *et al.*, Appellants.

1. Where, on account of the non-attendance of a circut court judge, the term lapses after the statutory adjournment from day to day for three days, a sheriff's sale of real estate made during the three days should be set aside.

*Appeal from St. Genevieve Circuit Court.*

*Noell*, for appellants.

I. A sheriff's sale of real estate is good if made during the first three days of the term, although no court is actually held. (R. C. 1855, p. 539, § 44, 45, 46, p. 746, § 45.)

*Scott & Watkins*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

This is a motion to set aside a sheriff's sale under the following circumstances : A large tract of land, containing upwards of four thousand arpens, was advertised to be sold during the November term, 1859, of the St. Genevieve circuit court. The land was exposed to sale and bid off at fifty dollars during the first three days of the week during which the term was to be holden. The judge of the court failed to appear and the term elapsed. The sale was made during one of the three days from which the court stood adjourned from day to day in pursuance to law. The land was claimed by others than the defendants in the execution, and was bought by them. The sale was set aside.

This is the first instance in which real estate in Missouri has been sold by a sheriff under such circumstances. Our books of reports furnish no case in which such a sale has been made, nor do our memories recall any such proceeding. Had the opinions prevailed that such sales were authorized by law, they would have been made, as the lapse of a term of the circuit court is a thing of no unusual occurrence. If such a sale was tolerated, it would lead to a great many

abuses. The law directs sales of real estate to be made during the terms of the circuit court, because, on such occasions, the people of the county are assembled, or at least more of them than at any other time, with the view of remaining together and transacting their business. The absence of the judge is frequently anticipated; it is known that a court will not be held. The people may assemble on the first day of the term, and learning that there will be no court, they will disperse immediately. Now if a sale should be advertised to take place on the third day, what a door under these circumstances would be opened to trick and management for sacrificing men's estates. No time is gained by such a sale. As the court will not sit, no deed can be made, and purchasers at sheriff's sale do not usually pay the purchase money before they receive a deed. A sale under such circumstances would be so novel a thing that the mistrust of the legality of it would damp the ardor of bidders, and cause a sacrifice of the property. A court would be warranted in setting aside a sale when it appeared that it was made under circumstances that produced a sacrifice of the estate sold.

Judgment reversed. The other judges concur.