———o———

John W. Barker, Respondent, *vs.* Lyman W. Patchin, Appellant.

1. *Practice, civil—Continuance, affidavit for— What essential to.*—An affidavit for continuance ought to negative any inference that it is made for vexation or delay, and where the application is grounded on the absence of a witness, it should state at what time deponent expects to be able to procure his testimony.

*Appeal from St. Louis Circuit Court.*

*Lackland, Martin & Lackland, and Goode,* for Appellant.

*A. M. Thayer, J. S. Coe, and S. N. Taylor,* for Respondent.

Adams, Judge, delivered the opinion of the court.

The plaintiff's petition contained three counts. The first count was for work and labor done, and materials furnished by plaintiff, setting forth the various items, amounting in the aggregate to $1,751.25. The second count was for build-

ing a stone wall or fence under a special contract, for the price of $3,000, on which defendant had paid $1,500, leaving the balance unpaid. The third count was for coping on walls and flagging, amounting to $500.

To the first count defendant answered, denying that he owed the alleged items, and charging that all of the work referred to in the first count had been done under a written contract, a copy of which, showing the terms, &c., was filed as an exhibit with the defendant's answer, and defendant alleged that all of said work, &c., was paid for by satisfying the written contract. To the second count the defendant answered denying that the work had been performed according to the contract. The answer admitted that the work charged in the third count had been performed. As a further answer the defendant set up by way of counter-claim that the plaintiff had not performed his part of the written contract above referred, and claimed damages for non-performance and bad work, &c. Before the parties went to trial this counter-claim was withdrawn leaving the balance of the answer standing.

This suit was brought on the 15th day of January, 1872, and had been pending from that time till the 4th day of February, 1873, when it was called for trial. The defendant applied for a continuance and for that purpose filed the following affidavit:

Horatio D. Wood, being duly sworn on his oath, says, that the defendant cannot safely proceed to trial in the above entitled cause, owing to the absence of Wm. McManus, D. C. Gray and L. W. Patchin, whose testimony is material to the cause; that there are no other witnesses known to affiant, or in attendance, whose testimony could be procured in time, upon whose testimony the defendant can safely rely to prove the particular facts that the absent witnesses are expected to prove; that this affiant, acting as attorney for defendant, believes that he cannot safely go to trial without the testimony of the absent witnesses, and that they are not absent by the consent, connivance, or procurement of the defendant,

or of this affiant. This affiant states, that on the 31st day of January, 1873, he placed in the hands of a deputy sheriff of this county, a subpœna, containing the names of the witnesses, Gray and McManus, giving also the residence of said McManus, and the place of business of Gray; that said subpœna was placed in the hands of a deputy by the name of Boatwright, for service, and that said deputy has made his return upon said subpœna, stating that said McManus is in New Orleans, La., and that Gray is not in the State. Said deputy, Boatwright, informed this affiant, this morning, that he called at the residence of McManus, and was informed by a member of his family that he was absent in New Orleans, and would return about the 1st of March, 1873, and that he called at the place of business of said Gray, and was informed that he was absent from the State. Your affiant states, that they are, as he is informed and believes, residents of this city, and have been such for many years past; that he had no knowledge of their absence from the State until informed as aforesaid, nor has he, at any time, been aware that said witnesses contemplated being absent from the State; that the affiant expects to show by the witness D. C. Gray, who was the agent of the defendant, and as he has stated to this affiant, that defendant did not order the materials furnished and work done, as set forth by the plaintiff in his petition, as not included in the written contract set forth by the defendant in his answer, which said work and materials are claimed by plaintiff as extra work and materials. That this affiant expects to show by the witness McManus, who, as your affiant is informed and believes, has examined the quality of the work done, and materials furnished, that the material, particularly that employed in the steps, is of a defective and inferior quality, and that the stone work was done in a defective manner. This affiant further states that the defendant is absent in Europe, and is, as he has been informed, detained by sickness. That this affiant expects to show by the defendant, that he had no contracts whatever with the plaintiff, for any work whatever, outside of that stipulated for in his written con-

tracts. That the present occupation of McManus is un-
known to affiant, but his residence is on Lucas Avenue and
Beaumont street. That the occupation of D. C. Gray is that
of commission merchant, and his place of business 214 Chris-
ty Avenue. That the costs of the previous continuance have
been paid.

[SIGNED.]                                    HORATIO D. WOOD.

                              Sworn to and subscribed before
[SEAL.]                          me, February 4th, 1873.
                              [Signed.] JNO. LEWIS, Cl'k.

The court overruled the defendant's motion for a continu-
ance and he excepted. The case was then submitted to a jury
for trial. The plaintiff gave evidence strongly tending to
prove the several counts of his petition. In order to prove
that the items sued for in the first count were extra work
outside of the written contract mentioned and referred to in
defendant's answer, the plaintiff offered to read the copy of
this contract which the defendant had filed as an exhibit with
his answer. The defendant objected to this copy as evidence,
but the court overruled the objection and it was read to the
jury and the defendant excepted.

Under instructions given by the court the jury found a
verdict for the plaintiff for the several amounts claimed by
him. As there is no point raised on the instructions, it is
unnecessary to recite them. The defendant filed a motion
for a new trial which was overruled and judgment rendered
for plaintiff, which was affirmed at General Term, and the de-
fendant has appealed to this court.

1. The first point presented for our consideration, is the ac-
tion of the court in overruling the defendant's motion for a
continuance. It does not appear from the record that the
case had ever before been called for trial. It had been pend-
ing for more than a year, but whether it had been reached
on the docket at all, or called and continued at the instance of
either party, is not shown by the transcript before us. But
whether this be considered as a first application for a contin-
uance or not, the affidavit is defective in two essential particu-

lars.   It does  not  allege that the application is not made for
vexation or delay, nor does it allege that the defendant expects
to  be  able  to  procure  the  desired  testimony for the next or
any subsequent term of the court.   An affidavit for continu-
ance  ought  positively  to  negative  any  inference that it is
made  for  vexation or delay.   It  is  also  essential  in  all  such
applications, for the applicant to inform the court that he can
procure the testimony, and at what time he will be  able to do
so.   For these  reasons, this affidavit  was  defective, and the
continuance was properly denied.

2.  The court did not err in permitting the plaintiff  to read
the copy of the written contract between him and the defend-
ant, which  had  been filed with the defendant's answer.   Al-
though  the  defendant  had  withdrawn  his  counter-claim
founded  upon  this contract, his answer raising the question
whether the items in the first count were a part of the special
contract, or extra work, still  stood and formed the main issue
to be tried on that count.   It was by this copy of the contract
that this issue was raised.   And the plaintiff had the right to
read it to the jury, to show what the real issue was, and then
prove that the work  claimed as extra did not fall within its
provisions.   The defendant himself had made it proper evi-
dence for that purpose by filing it with his pleading.

Judgment affirmed.   The other judges concur.