## RICHARDSON v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.*—*Evidence of Two Offences.*—*Election by the State.*—Where, in a prosecution for assault and battery, the State has given evidence, on the trial, of one assault and battery, committed by the defendant upon the person of the prosecuting witness, she thereby elects to claim a conviction for that offence, and can not properly give evidence of another and distinct assault and battery, committed by the defendant upon the person of the prosecuting witness, and elect to abandon the former, and to claim a conviction for the latter, offence.

From the Delaware Circuit Court.

*G. H. Koons* and *W. March*, for appellant.

*T. W. Woollen*, Attorney General, and *A. V. Marsh*, Prosecuting Attorney, for the State.

WORDEN, J.—This was a prosecution charging the appellant with having perpetrated an assault and battery upon Elihu Ervin. Conviction.

On the trial, the State gave evidence of an assault and battery committed by the defendant upon the person of Elihu Ervin, and afterward offered evidence of a subsequent, but distinct and separate, assault and battery, perpetrated by the appellant upon the same person. To the latter evidence, the defendant at the proper time objected, on the ground, in substance, that the State, having given evidence of the first assault and battery, had thereby elected to put him upon trial for that offence, and could not then give evidence of a subsequent assault and battery; but the objection was overruled and the evidence admitted.

Richardson v. The State.

During the progress of the cause; the court required the prosecuting atttorney to elect on which of the offences he would rely, and he elected to rely upon the second. The court thereupon charged the jury, amongst other things, as follows:

" 6. Two difficulties between the defendant, and the prosecuting witness have been put in evidence, although they transpired near each other, yet so far apart that they constitute different transactions. The prosecutor has elected to rely upon the second transaction for a conviction, and you will have nothing to do with what took place at the first difficulty."

There was but a single charge of assault and battery; and the question arises whether, upon such charge, the State may give evidence of several offences, and then select one upon which to rely for a conviction, and abandon the others. We are of opinion that this can not be legally done.

When the State gave evidence of the first assault and battery, she elected to try him for that offence, and she could not afterward abandon the election thus made, and put in evidence of another offence.

The case of the The State v. Bates, 10 Conn. 372, is in point. In that case the prosecution was for adultery. The State had given evidence tending to establish one act of adultery, and then gave evidence of several other acts of adultery with the same person. The defendant objected to the evidence not confined to one act of adultery; but the objection was overruled.

The court said, " The only question in this case, regards the admissibility of the evidence offered on the part of the State. The information charges but one offence, and that in a single count. Is the State, under such an information, confined to a single offence, in the proof? Or may the prosecutor, having given evidence of one act of adultery,

still be permitted to introduce proof of any number of acts, committed, indeed, with the same person, but at different places, and at different times? I do not see upon what principle such a claim can be supported. It is, obviously, opposed to the usual course of proceedings; and would, to say the least of it, be exceedingly inconvenient in practice. The accused comes prepared to defend against a single charge. This he may do successfully—and having done so, may find himself overwhelmed, by a multitude of others, of which the information gave him no notice, and against which he can not be supposed to be prepared. And the prosecuting attorney, instead of shaping his case, at the outset, in the most favorable manner, may detain the court and jury, by proving any number of offences, and then elect upon which to claim a conviction. And why should this be done? He is supposed to be in possession of the proofs, and should make his election from the first. In this there can be no hardship; and such is the well settled rule in all analogous cases." For analogous cases, see 2 Greenl. Ev., sec. 624, and notes.

The judgment below is reversed, and the cause remanded for a new trial.