THOMAS BOLAND, Plaintiff in Error, *v.* THE PEOPLE
OF THE STATE OF NEW YORK, Defendant in Error.

*Indictment — when it is not bad for duplicity — 1872, chap. 675, sec. 68 — power of
an inspector of election in New York city to examine the return of a poll clerk.*

The plaintiff in error was indicted and convicted of a violation of the provisions
of section 68 of chapter 675 of 1872, providing that every inspector of election,
member of any board of canvassers, messenger, poll clerk or other officer
authorized to take part in or perform any duty in relation to any canvass or
official statement of the votes cast at any election, who shall willfully make
any false canvass of such votes, or who shall make, sign, publish or deliver
any false return of such election or any false certificate or statement of the
result of such election, knowing the same to be false, or who shall willfully
deface, destroy or conceal any statement or certificate entrusted to his care
or custody, shall on conviction thereof be adjudged guilty of a felony. Each
count alleged that the accused did willfully make, certify and deliver to the
officer entitled to receive it a false statement and certificate of the votes received.
*Held,* that the indictment was not bad for duplicity; that although each of the
acts alleged was by the statute made criminal, yet when taken together they
constituted but one complete act.
An inspector of election is not bound to accept the decision of the poll clerks
and sign the returns as prepared by them. It is his duty and he has authority
to examine, investigate and correct them.

Writ of error to the New York Court of Oyer and Terminer
to review the trial and conviction of the plaintiff in error for a
felony in violating the election laws.

*A. H. Purdy,* for the plaintiff in error.

*B. K. Phelps,* district-attorney, for the people.

Daniels, J.:

The defendant was an inspector of elections for one of the election
districts in the city of New York, and in the discharge of the
duties of that office it was charged by the indictment upon which
he was tried and convicted that he, with the other inspectors, had
made false statements and certificates of the number of the votes
given in his district for candidates for the office of alderman; that
they had certified and stated the votes given for George Hall, who
was one of such candidates, to be 200; for Jacob A. Hatzel, another
of such candidates, to be twenty-three; for Joseph P. Strack,

another of such candidates, to be seventy; for Bernard Kenny, also a candidate for that office, to be eighty-five; for Julius Hoffman, another of such candidates, to be four, and a like number for Louis Hock, another candidate for the office of alderman; while the truth was that Hall received but 130 votes and Hatzel received ninety-three votes, as the inspectors very well knew. These charges, with the others of a more formal nature contained in the indictment, constituted a crime under the provisions of chapter 675 of the Laws of 1872. Great care was observed in their enactment to provide for such a canvass, statement and return of the votes received at the election as would secure a truthful statement of the result and thereby insure to every vote its appropriate weight and effect in determining the election. It is not only the privilege but it is also the right of every voting citizen to have his vote truthfully counted and returned by the officers charged with the performance of that duty. In no other way can a popular government be maintained. The theory of such a government is that every citizen shall have a voice in shaping its policy and directing its operations. That right can only be exercised and enjoyed by means of the ballot, which must be the expression of his choice as well as his judgment, and if he can be deprived of its appropriate effect by an improper count or a false statement or return, he is as effectually disfranchised as though he were deprived of his right to vote by means of some legal enactment. Fraudulent practices attended with such a result deprive the locality in which they may be tolerated of the benefits of popular government, and render it as despotic as those which, in theory at least, had been here rejected as unworthy of support. A true popular government can be maintained in only one way; and that is by the intelligent support of its citizens, which can be derived in no other manner than by means of their ballots. To secure this important result was the principal object designed to be promoted by the enactment of this statute, and those afterwards amending or enlarging some of its provisions; and the mode in which that should be done was clearly and particularly detailed. The provisions made are plain, and not easily capable of being misunderstood. Certainly such was the nature of those indicating the manner in which the votes should be canvassed, counted, stated and returned. The object to be accom-

plished was familiar, and the process for its attainment was clearly given. This is plainly manifested by the different sections of the act. (Laws 1872, vol. 2, pp. 1603–1607, §§ 50–57.) It is afterwards declared that every inspector of election, member of any board of canvassers, messenger, poll clerk or other officer authorized to take part in or perform any duty in relation to any canvass or official statement of the votes cast at any election, who shall willfully make any false canvass of such votes, or who shall make, sign, publish or deliver any false return of such election, or any false certificate or statement of the result of such election, knowing the same to be false, or who shall willfully deface, destroy or conceal any statement or certificate intrusted to his care or custody, shall, on conviction thereof, be adjudged guilty of a felony, and shall be punished by imprisonment in a State prison not less than two nor more than five years. (Id., 1611, § 68.) This indictment shows an intentional violation of the provisions made by the statute for canvassing, stating, certifying and returning the votes received at the place where these defendants acted as inspectors, and in that way charges the present defendant with the commission of a crime. In that respect the indictment is not defective in either of its counts, for all the facts requisite to show a willful violation of the duties enjoined by the statute have been fully set forth.

The more strenuous objection taken on behalf of the prisoner to the indictment is that it has charged too much. As either of the prohibited acts has been made a crime, it has been objected that neither count of the indictment could include more than one of them. Each count has in fact averred that the inspectors, including the defendants, did willfully make, certify and deliver to the officer entitled to receive it, a false statement and certificate of the votes received. And because of those averments the indictment has been assailed as bad for duplicity. It is insisted that each count sets forth more than one offense, and for that reason the defendant was improperly tried. It is certainly true that the statute prohibits each act as a distinct offense, but it does not follow from that circumstance that they are to be held to be separate crimes when they characterize and are connected with one continuous transaction. The statement and certificate are shown to have been falsely made, and having been so made, were then delivered to the officers to

whom they were respectively to be sent. These were but different stages in one event. They each constituted a portion of one continuous duty. The statement and certificate were made to give a false account of the votes that had been received at the election, and their delivery was made to carry the preceding acts into effect. They were all incidents and appropriate incidents of one completed criminal act. Each might have been alleged as constituting a crime; so could all of them together for the same purpose; and when so combined but one offense is in reality set forth. A trial and conviction for one of these acts would probably be a bar to a further prosecution for the others forming but a portion of all that was done, for in cases of felony, where one offense is a necessary ingredient or accompaniment of another, and the State has selected and prosecuted the former to conviction, there can be no further prosecution of the others. (Whart. Crim. Law, § 565, and cases noted.) However the matter may be presented, whether jointly or separately, but one offense will be set forth, and for that reason all may be contained in a single count of the indictment. It has been held to be error to state the successive gradations of statutory offenses disjunctively, but to state them conjunctively when they are not repugnant is always allowable. (Whart. Crim. Law [7th ed.], vol. 1, § 296.) For that reason, where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be treated as successive steps in the same offense, they may be coupled in one count. This is allowed, for the reason that all the acts together form but a connected series of one transaction. By a statute of this description but one offense is really provided for, although it may be committed in various ways, and the combined act may be properly set forth as one offense. For that reason, under similar statutes, it has been held that the prisoner might properly be charged in one count with both offering for sale and selling one-half a lottery ticket (*Com.* v. *Eaton,* 15 Pick., 273), and for receiving and aiding in concealing stolen goods when each of these acts was declared to be an offense. (*Stevens* v. *Com.,* 6 Met., 241.) See also to the same general effect *Com.* v. *Harney* (10 Met., 422); *Com.* v. *Hulbert* (12 id., 446); *Com.* v. *Brown* (14 Gray, 419, 430, 431); *State* v. *Fletcher* (18 Mo., 425); *State* v. *Morton* (27 Vt., 310); *Mackey* v. *State* (3 Ohio, 363); *State* v.

*Price* (6 Hals., 203, 215). When two or more crimes are of the same nature, and are necessarily so connected that they may, and when both are committed must, constitute but one legal offense, they should be included in one charge. (*Com.* v. *Tuck*, 20 Pick., 356, 360, 361; *State* v. *Ayer*, 3 Foster [N. H.], 301; *Rex* v. *Horne*, Cowp., 672; *Huikle* v. *Com.*, 4 Dana [Ky.], 519.) When a crime may be committed in different ways an indictment which in a single count charges it in all ways, coupling them as they are specified one after another by the conjunction *and*, it is not open to the objection of duplicity. (Bishop's Crim. Procedure, vol. 1 [2d ed.], §§ 434, 437.) Under the principle mentioned the indictment in this case is not subject to the objection now under consideration. The acts were so connected as to form together but one transaction. And they were properly so alleged. In this respect the case differs from those relied upon in behalf of the prisoner where the acts alleged were different and distinct in fact as well as in law.

Even if the proof of the delivery of the statements and certificates were as it is urged defective, there was sufficient in the other circumstances shown to constitute an offense under the language of this statute, and upon that a conviction could properly take place, even though no proof whatever had been made of the delivery of the statement and certificate. For under the terms of the act, either making a false canvass of the votes or making, signing, publishing or delivering a false return of the election, or any false statement or certificate of the result has been made a crime. And when a crime has been proved within the terms of the indictment, although not embodying all the attributes charged, the conviction of the accused is required. The principle is well settled that it is enough to prove so much of the indictment as shows that the defendant has committed a substantial crime as therein charged. (*People* v. *Jackson*, 3 Hill, 92; *Dedieu* v. *People*, 22 N. Y., 178, 184; *White* v. *People*, 32 id., 465, 469; *Dawson* v. *People*, 25 id., 399, 403; *Lohman* v. *People*, 1 Comst., 379.) And the proof was certainly sufficient to bring this case within its control.

The evidence was sufficient to support the conclusion that the place where the votes were received was a legally designated polling place. The minutes of the commissioners were not objected to as incompetent evidence to show the fact of designation. The only

objection taken to them was that they were immaterial. Under this the point that they may have been incompetent proof cannot now for the first time be taken. If it had been raised at the trial the commissioners themselves might have been called to prove the fact if that had been found to be necessary. But there was further proof supplied by the fact of the election being held there under the management and supervision of the inspectors, and the canvass and statement of the votes made by them, in all of which the defendant participated, indicating that the place where the votes were received was a lawfully appointed polling place.

The exception taken to the refusal of the court to charge " that if a fraud has been committed it could not have been committed without the aid of the poll clerks, and that is a very significant circumstance that the poll clerks have not been indicted or charged with crime," is also relied upon in support of the writ issued to review this case. But even if the facts had been as this request assumed them to be, it would not have justified the direction requested, for the omission stated would have been no evidence in favor of the defendant. The point in issue as to him was whether he was guilty, and if the proof was sufficient to establish the fact that he was, it could not be impaired in its force by the circumstance that other guilty persons had not then been prosecuted. The inquiry suggested would have been entirely immaterial, and it was very properly excluded from the case as it was to be considered by the jury.

. The prisoner as an inspector was not bound to accept the decision of the poll clerks and sign the returns in accordance therewith as the court was asked to hold. On the contrary, he was bound to make and sign only a truthful return of the votes. This was the plain intention of the statute and he had such authority to examine, investigate and correct as was necessary to secure that end. If he failed to make use of it and knowingly made a false statement, certificate or return, the statute has rendered that misconduct a crime even though it may have arisen out of the adoption of the false and fraudulent decision of the poll clerks. As long as the statement, certificate and return were willfully and falsely made by the defendant, as the evidence justified the jury in finding was the fact, the crime created by the statute was committed, and it would not change

the result if it was done by adopting the false tally and decision of the poll clerks. One purpose of the statute was to prevent the inspectors from shielding themselves under the misconduct of others. For that reason it has been made a crime upon their part willfully to sanction and give effect to the criminal misconduct of those co-operating with them. As long as the inspectors knew the statements made to be false and unfounded, it became their plain duty to have them corrected; and for failing to do so and certifying and returning as true the false statements made, even though that may have been previously announced by the poll clerks, the law has rendered them criminal and punishable. No other objections have been taken to the propriety of the defendant's trial and conviction. And as neither of these which have been considered have been found to be well founded, it follows that the conviction must be affirmed.

LAWRENCE, J. :

I concur in the opinion of Mr. Justice DANIELS that the conviction in this case should be affirmed. None of the exceptions which were taken by the prisoner's counsel upon the trial appear to me to have been well taken, and as the questions of fact were fairly submitted by the justice who presided at the trial to the jury, the result at which the jury arrived cannot be disturbed upon appeal.

Present — DANIELS and LAWRENCE, JJ.

Judgment affirmed.