THE STATE v. REILEY, *Appellant*.

1. **Druggist**: SELLING LIQUOR WITHOUT LICENSE. The act of 1877 in relation to the sale of intoxicating liquor makes it a misdemeanor for a druggist, without taking out a license as a dram-shop keeper, either (1) to sell or give away (except for medicinal purposes) intoxicating liquors in any quantity less than one gallon, or (2) to permit intoxicating liquor, no matter for what purpose or in what quantity sold, to be drunk on the premises where sold.

2. ——: ——: PRINCIPAL AND AGENT. A druggist will be held criminally liable for the act of his clerk committed in his absence in selling liquor in violation of law, unless he shows that the sale was made without his assent.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

Indictment against a druggist for selling liquor to be drunk on the premises, without license.

*Forrist & Fry* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, C. J.—We think it very clear that the section under which the defendant was indicted, (Sess. Acts 1877, p. 342, § 1,) makes it punishable as a misdemeanor for a druggist: 1st, To sell or give away, except for medicinal purposes, intoxicating liquors in any quantity less than one gallon, without taking out a license as a dram-shop-keeper. 2nd, To permit such intoxicating liquors, no matter for what purpose sold, nor in what quantity sold, to be drunk on the premises where sold unless the druggist has a license as aforesaid. This section is so plain that time will not be wasted in its discussion. The instructions, taken as a whole, presented the case fairly to the jury and are in conformity to the view of the statute just announced. Defendant in his testimony does not deny,

.what is otherwise established, that he permitted liquor when sold for "medicinal purposes" to be drunk on the premises where sold. This makes him guilty under our construction of the statute.

And as to the sales by his brother George, who for a time was his clerk, defendant does not pretend in his testimony that he forbade his brother from permitting liquor sold for medicinal purposes to be drunk on the premises where sold. It is true that a principal is not criminally liable for the acts of his agent, when that agent acts in contravention of the commands of his principal. This point was so ruled in *State v. Baker*, 71 Mo. 475. But certainly when a clerk in the absence of his employer while engaged in the business of his employer makes a sale, or does any other act in connection therewith, which the law forbids, a *prima facie* case is made out against the employer, and unless rebutted, this fact will furnish a sufficient basis for a verdict of guilty. 2 Bishop Crim. Law, § 219; *Barnes v. State*, 19 Conn. 398. This is the rule in the case of the sale of a libelous publication by a general clerk. Lord Mansfield said in *Rex v. Almon*, 5 Burr. 2686: "The master may avoid the effect of the sale by showing he was not privy nor assenting to it nor encouraging it." The judgment is affirmed. All concur.