The State v. Heckler, *Appellant.*

1. **Dramshop Keeper, Who is.**  A dramshop keeper is a person
   licensed by law to sell intoxicating liquors in any quantity not ex-
   ceeding ten gallons.  R. S. 1879, § 5435.
2. **Criminal Law**: SELLING INTOXICATING LIQUOR ON SUNDAY.  In a
   prosecution on an indictment, under Revised Statutes 1879, section
   5456, for selling intoxicating liquor, as a dramshop keeper on Sun-
   day, without proof that the person charged had a dramshop keep-
   er's license, it is error to convict of the offense in manner and form
   as charged in the indictment.   But, under the provisions of Revised
   Statute section 1655, a conviction may be had under Revised Statute
   section 1581, if a sale on Sunday be proved.
3. ———: ———: PRINCIPAL AND AGENT.  A principal will be held
   criminally liable for a sale of intoxicating liquor by his agent, unless
   he shows that such sale was not authorized by him, and was forbid-
   den.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT,
Judge.

REVERSED.

*R. C. McBeth* and *F. P. Wright* for appellant.

The indictment is for selling intoxicating liquor on Sunday, as a dramshop keeper. It devolved upon the State to show that defendant had a license as a dramshop keeper, and failing to show this, the conviction was erroneous. There is no evidence that the defendant authorized her clerk to sell liquor on Sunday, or that she sanctioned the same in any way. The principal is not liable for the unauthorized and unsanctioned acts of the agent, especially in criminal cases.

*D. H. McIntyre*, Attorney General, for the State.

The State was not called upon to prove that defendant had a license as a dramshop keeper. The indictment might as well have been drawn under section 1581, as under section 5456. The former section forbids every person from selling on Sunday any distilled liquor, and the State could not be compelled to elect as to any particular Sunday. *Frasier v. State*, 5 Mo. 536; *State v. Findley*, 77 Mo. 338. "When a clerk, in the absence of his employer, while engaged in the business of his employer, makes a sale, or does any other act in connection therewith, which the law forbids, a *prima facie* case is made out against the employer, and unless rebutted, this fact will furnish a sufficient basis for a verdict of guilty." *State v. Reiley*, 75 Mo. 521, and authorities cited.

HOUGH, C. J.—The defendant was tried, convicted and fined $50, under an indictment drawn under section 5456, Revised Statutes, which is as follows: "Any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away, or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, shall, upon

conviction thereof, in addition to the penalty now provided by law, forfeit such license, and shall not be allowed to obtain a license to keep a dramshop for the term of two years next thereafter."

" The penalty alluded to in the foregoing section, as being now provided by law," is contained in section 1581, which is as follows: "Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor, and fined not exceeding $50."

The cause was tried by the court, without the aid of a jury, and the testimony is amply sufficient to support a finding, that the defendant's barkeeper sold a drink of whisky, on Sunday, to the prosecuting witness. A dramshop keeper is defined by section 5435 to be a person permitted by law, being licensed, as provided by the chapter regulating dramshops, to sell intoxicating liquors in any quantity not exceeding ten gallons.

As the defendant was charged in the indictment with having sold intoxicating liquors on Sunday, as a dramshop keeper, and as there was no testimony whatever that she had a license as such, she was improperly found guilty of the offense in manner and form as charged in the indictment. But it does not follow that she should have been acquitted.

Two classes of offenders, against the law prohibiting the sale of intoxicating liquors on Sunday, are recognized by the statutes and different punishments are meted out to each.

If the person who sells intoxicating liquors on Sunday be a dramshop keeper, as defined by law, he is subject to a fine of $50, and a forfeiture of his license, and to a deprivation of the right to obtain a license for two years thereafter. All other persons who sell intoxicating liquors on

Sunday are subject only to a fine of $50. So that the simple charge of selling intoxicating liquors on Sunday is, necessarily, included in the larger charge that the defendant sold intoxicating liquors on Sunday, as a dramshop keeper; and under section 1655 of the Revised Statutes, if the testimony be insufficient to warrant a conviction of the charge of selling as a dramshop keeper, the defendant may, nevertheless, be convicted, if a sale on Sunday be proved. In other words, a person indicted under section 5456, if not shown to be a dramshop keeper, may be convicted under section 1581, if a sale on Sunday be proved. But, in such case, the verdict should show that the defendant is found guilty not " as charged in the indictment," but according to the fact; that is, guilty of selling intoxicating liquors on Sunday, but not as a dramshop keeper. Otherwise the judgment might be used to deprive a party, who was not a dramshop keeper at the time of selling on Sunday, of the privilege of obtaining license for two years thereafter.

The verdict in this case being, guilty as charged, without any evidence that the defendant was a dramshop keeper, that she had a license as such, the judgment of the circuit court must be reversed.

It is also objected on behalf of the defendant, that there is no testimony that she authorized the sale made by her barkeeper. It was for the defendant to show that it was not authorized, and was forbidden. *State v. Reiley*, 75 Mo. 521.

For the error above indicated, the judgment will be reversed and the cause remanded. The other judges concur.