THE STATE OF MISSOURI, Respondent, v. KATHARINA HEINZE, Appellant.

Kansas City Court of Appeals, May 11, 1891.

1. **Criminal Procedure:** APPLICATION FOR A CONTINUANCE. An application for a continuance which fails to state the applicant was " unable to prove such a fact by any other witness whose testimony can be as easily procured," or " that the application is not made for vexation or delay merely, but to obtain substantial justice on the trial," is fatally defective.

2. ———— : INDORSING WITNESSES ON INFORMATION : OBJECTION TO TESTIMONY. The statute does not require the names of the state's witnesses to be indorsed on an information filed before a justice of the peace, and, if it did, the question as to the sufficiency of the information on that account could not be raised by an objection to the introduction of evidence, but should be raised by a motion to quash.

3. ———— : EVIDENCE OF DIFFERENT OFFENSES UNDER ONE INDICTMENT : ELECTION : TRIALS IN THE JUSTICE'S COURT AND IN THE CIRCUIT COURT. In the justice's court, L., a witness, testified to the sale of liquors in November, and, on defendant's appeal to the circuit

court, L. testified to the same sale, and another witness, H., testified to another sale in August. *Held* it was competent for the state to prove under the charge in the information, to-wit : Selling one pint whiskey, one pint brandy, etc., by the witness, L., an offense on one day and by H. another offense on a different day, though both days were different from that charged, provided that such offenses were in the limitations of the statute ; the trial in the circuit court could not be hampered nor in any way restricted by that which had taken place before the justice. Nor, in cases of misdemeanor, can the prosecutor be compelled to elect which of the several offenses brought out in the evidence he will go to the jury upon.

4. **Selling Liquor :** BEER : VARIANCE : LAGER BEER : APPELLATE PRACTICE. The statute, in effect, defines beer to be intoxicating, and, therefore, prohibits its sale. While there may be a variance between the allegation of " lager beer " and the proof of " beer," such variance, in the view of the statute, is of no consequence in the appellate court, the action of the trial court being conclusive.

5. ———— : INSTRUCTIONS. The instructions given and refused in this case are taken up *seriatim,* and the action of the trial court approved.

6. ———— : AGENCY : LIABILITY OF PRINCIPAL. If an agent sells intoxicating liquors without the consent of the principal, the principal will still be liable, unless he shows such sale was unauthorized and forbidden, and the burden of so showing would be upon him.

*Appeal from the Clay Circuit Court.*—HON. JAMES W. SANDUSKY, Judge.

AFFIRMED.

*John A. Dunlap* and *Shelley Grover,* for appellant.

( 1 ) The court erred in refusing to grant the continuance applied for by defendant. ( 2 ) The court erred in overruling the defendant's objection to the admission of any testimony or evidence on the part of the state, on the ground that the information had no indorsement thereon of the name of any witness whatever, for the prosecution. R. S. 1889, sec. 4057 ; *State v. Roy,* 83 Mo. 268. ( 3 ) There was but one count in the information ; therefore, the court erred

in admitting the testimony of Hill contrary to defendant's objection ; said testimony was foreign to the transaction for which the defendant was originally charged, to the transaction on which the prosecution was founded, to the transactions that were introduced in the evidence in the former trials of the case, and to the transactions that Lee, the first witness in the trial in the circuit court, had testified concerning; therefore, the testimony of Hill was inadmissible. *Fields v. Territory of Wyoming,* 1 Wyo. Rep. 78; 3 Am. Crim. Rep. 318; *Richardson v. State,* 63 Ind. 192; 3 Am. Crim. Rep. 302; *State v. Bates,* 10 Conn. 372; 2 Greenl. Ev. [4 Ed.] sec. 624, and note 2; *People v. Clark,* 33 Mich. 112; 1 Am. Crim. Rep. 600; *People v. Jenness,* 5 Mich. 327; *People v. Schweitzer,* 23 Mich. 304; *State v. Ferline,* 19 Mo. 381; *State v. Roberts,* 33 Mo. App. 524; *State v. Ferline, supra; State v. Harrold,* 38 Mo. 496; *State v. Goetz,* 34 Mo. 85; *State v. Daubert,* 42 Mo. 242; *Davis v. State,* 57 Georgia, 66; *Joslyn v. Commonwealth,* 6 Metc. (Mass.) 236; *Com. v. White,* 15 Gray, 407; *State v. Tabor,* 95 Mo. 585; *State v. Parker,* 96 Mo. 382; *Com. v. Pearce,* 40 Ala. 720; Wharton's Crim. Ev. [9 Ed.] secs. 29, 31; *Brooks v. Blackwell,* 76 Mo. 309; *State v. Wilson,* 39 Mo. App. 184. There was but one count in the information, and that count could, and did, charge but one offense. *State v. McGrath,* 73 Mo. 181; *State v. Bach,* 25 Mo. App. 554. Each sale of intoxicating liquor is a distinct offense, and must be separately charged and tried. *State v. Andrews,* 27 Mo. 267; *State v. Small,* 31 Mo. 197. (4) The court should have sustained the defendant's demurrer to the evidence, and the overruling of it was error, for the following reasons : *First.* Because the state did not prove that the liquor obtained, or pretended to have been sold, was intoxicating. *Second.* Evidence which shows the sale of simply "beer" is not sufficient. This would not be evidence of a sale of intoxicating liquor. *Nervin v. Ladue,* 3 Denio, 437; *State v. Biddle,* 54 N. H. 379; *State v. Lowry,* 74 N. C.

121; *State v. Starr*, 67 Me. 242; *Lathrop v. State*, 50 Ind. 555. *Third.* The state did not show that the quantity of beer alleged to have been obtained was less than a gallon. *Fourth.* There was not sufficient evidence to prove a sale. *Fifth.* There was not sufficient evidence to prove an agency existing between the defendant and "Paul," the man whom the state attempted to prove had made sales, for the defendant. The court should have compelled the prosecuting attorney to elect upon which of the sales he had introduced evidence concerning, he would go to the jury. *State v. McGrath* and *State v. Beach, supra.* Therefore, the court should have compelled such election; for it is error to submit to the jury any issue concerning which there is no allegation or pleading. *State v. West*, 21 Mo. App. 309; *Kenney v. Railroad*, 70 Mo. 252; *Brooks v. Blackwell*, 76 Mo. 309; Wharton's Crim. Pr. & Pl. [8 Ed.] sec. 290; Constitution of Mo., secs. 12 and 22, art. 2. (5) The court erred in giving and refusing instructions. 1 Wharton's Crim. Law, sec. 80; *State v. Stewart*, 2 Am. Crim. Rep. 603; 52 Iowa, 284; *State v. Rodabacker*, 19 Iowa, 154; Whar. Crim. Ev. [9 Ed.] sec. 1; *State v. Matthews*, 20 Mo. 55; *State v. Stonum*, 62 Mo. 596.

*John Dougherty*, for respondent.

(1) The court committed no error in overruling defendant's affidavit for a continuance. Section 4057, Revised Statutes, 1889, applies only to indictments or informations when originally filed in the circuit or other court having jurisdiction in criminal cases; 61 Mo. 302; 85 Mo. 52, 134; 59 Mo. 418. (2) The court committed no error in admitting the testimony of the witness Hill, on behalf of the state, because a misdemeanor appealed from the court of a justice of the peace is tried in the circuit or other court having criminal jurisdiction *de novo* — that is, anew, afresh, as

The State v. Heinze.

if it had originated there. R. S. 1889, sec. 4362.
(3) The quantity of liquor sold, if any, and whether
such liquor so sold was intoxicating, are questions of
fact to be ascertained by the jury fiom the evidence;
under the instructions of the court. (4) The instruc-
tions, as a whole, given by the court to the jury, are
amply sufficient for this cause, and are in every sense
unexceptional. (5) The information filed in this cause
by the prosecuting attorney bears the following indorse-
ment on the back thereof: "Filed November 19, 1889.
C. M. Crouse, J. P." There is, however, no evidence
tending to prove a sale of intoxicating liquor at any
time subsequent to November 11, 1889. (6) The court
did not err in refusing to compel the state to elect which
of the sales disclosed by the evidence it would rely
upon for a conviction.

SMITH, P. J.—This was a criminal proceeding
based on section 4570, Revised Statutes. The informa-
tion was filed by the prosecuting attorney before a
justice of the peace, and was bottomed on a complaint
made against the defendant, which was verified by
affidavit. The case was tried before a justice of the
peace, which resulted in a judgment against defendant,
from which she appealed to the circuit court, where
there was a trial with a like result. The defendant
prosecutes her appeal here. The defendant alleges that
a number of errors were committed against her by the
circuit court which entitled her to a reversal of the
judgment.

I. The first error assigned is, that the court
erred in refusing to grant her a continuance on her
motion made for that purpose. The affidavit is, we
think, fatally defective in that it does not state, as the
statute imperatively requires, that she was "unable to
prove such facts by any other witness whose testimony
can be as readily procured," or "that the application
is not made for vexation or delay merely, but to obtain

substantial justice on the trial of the cause. R. S., sec. 4181; *Barker v. Patcher*, 56 Mo. 241. For these reasons, we think, the motion was properly overruled.

II.   The next ground of the appeal is that the court erred in overruling defendant's objection to the intro- duction of any evidence on the part of the state, for the reason that the information did not have thereon indorsed the names of any of the state's witnesses. As to this objection, it may be remarked that, when the information is filed in term time, or with the clerk in vacation, the names of the witnesses for the prosecution must be indorsed on the information in like manner and subject to the same restrictions as required in cases of indictments. R. S., sec. 4057. But this information was filed before a justice of the peace under the provis- ions of section 4329, where no such requirement is made, as in these cases where the information is filed under section 4057, just referred to. Besides this, we do not think, if it was necessary to observe this stat- utory requirement in a case of this kind, that the objec- tion could be raised to the sufficiency of the information by objection to the evidence. The information, if otherwise sufficient, would support a verdict and judg- ment. *State v. Ray*, 83 Mo. 268; *State v. Nugent*, 71 Mo. 136.   If the information would support a verdict and judgment, it is quite clear that an objection to the introduction of the evidence because of the insuffi- ciency of the information in the particular already stated should not be sustained.   If the statute requires the names of the witnesses to be indorsed on an infor- mation filed before a justice of the peace, the omission to meet this requirement by the prosecuting attorney must be taken advantage of by a motion to quash. But there is, as we think, no such statutory requirement in a case of this sort.

III.   At the trial before the justice it seems that the state, to sustain the charge contained in the infor- mation, introduced, a witness, Lee, who testified that

on November 11, 1889, he, with others with him, bought beer of the defendant. At the trial in the circuit court the state, against the objections of defendant, introduced another witness, Hill, who testified to the sale by defendant of beer to him in August, 1889. The defendant contends that the court erred in admitting the testimony of Hill, for the reason that his testimony was foreign to the transactions that were introduced in evidence in the former trial of the case before the justice, and to the transactions to which witness Lee had testified in the circuit court. This objection, we do not think, was well founded, and cannot be sustained. It is quite true that in Michigan, Indiana, Wyoming, and perhaps in other jurisdictions, it has been, in effect, held that in misdemeanors the prosecution on a trial under an indictment so drawn that it might cover a number of different offenses of the same nature, after examining the first witness as to one offense on a day certain, must confine its proof to that particular offense, and that the admission of evidence tending to prove other offenses is improper. *Fields v. Wyoming*, 1 Wyo. 78; *People v. Clark*, 33 Mich. 112; *Richardson v. State*, 63 Ind. 192. In this state, however, a different rule has prevailed for half a century. In *Storrs v. State*, 3 Mo. 10, where several distinct violations of the "act to license retailers of vinous and spirituous liquors," approved February 4, 1825, were charged in a single count of the indictment, it was decided that distinct felonies of the same character and degree, though committed at different times, may be charged in the same count in the indictment, and it will be no ground either of demurrer, or arrest of judgment. In such cases, however, the prosecution may be compelled to elect on which charge he will proceed. But in the case of offenses, inferior to felony, the practice of calling on the prosecutor to elect on which charge he will proceed does not exist, *and the prosecutor may*

*give evidence of several libels, assaults, etc., upon the same indictment whether they be on the same or different persons.* In *State v. Keeley*, 7 Mo. 317, it was held that the joinder of several offenses in the same indictment in different counts is no cause of demurrer or arrest of judgment. When the crimes alleged are misdemeanors the court will not compel the prosecutor to elect on which one he will proceed. To the same effect are *State v. Jackson*, 17 Mo. 544; *State v. Wilson*, 19 Mo. 393. In *State v. Fletcher*, 18 Mo. 426, it was declared that, "in cases of misdemeanors the joinder of several offenses will not in general vitiate in any stage of the prosecution. For, in offenses inferior to felony, the practice of quashing the indictment, or calling upon the prosecutor to elect on which charge he will proceed, does not exist. But on the contrary it is the constant practice to receive evidence of several libels and assaults upon the same indictment. It was formerly held that assaults upon more than one individual could not be joined in the same proceeding, but this is now exploded." And this practice is approved in *State v. Meyers*, 20 Mo. 410. The information in this case charged that defendant, on a certain day therein named, "unlawfully sold intoxicating liquors in less quantity than a gallon, to-wit, one pint of whiskey, one pint of brandy, one pint of gin, one pint of rum, one pint of wine, and one pint of lager beer," etc. The charge is selling intoxicating liquors at a certain time and place. The kind and quantity are described. The information may be construed to charge but one offense; for it may well have been that the defendant sold the several beverages described at one time and to one person. It may be construed as charging several offenses of like nature, for the reason that it was possible for defendant to sell, on the day named, a pint of each of the liquors specified to as many different persons. But whether the information be construed to charge one or

more offenses, the evidence of the witness Hill was, under rulings of the supreme court of this state in the cases already cited, properly admitted. It is also well settled in this state by these cases, that in misdemeanors, whether several offenses are charged in one count or in several counts of an indictment, or information, that it is the constant practice to receive evidence of such several offenses so charged, and that the prosecutor cannot be required to elect on which charge he will proceed. Under the charge in the information the prosecution was authorized to prove a sale of all or any of the intoxicants, therein described, on any day within the term prescribed by the statute of limitations. It was proper for the state to prove, by the witness Lee, an offense under the information on one day and by Hill another offense thereunder on a different day, though both days were different from that charged (*State v. Small*, 31 Mo. 196), provided such offenses were within the limitations of the statute.

But there is still another reason why the defendant's objection to the admission of the testimony of the witness Hill should not have been sustained. The defendant having taken an appeal from the judgment of the justice to the circuit court, the case when it reached that court was for trial anew, and as if the information had been filed there in the first instance. R. S., sec. 3462. It was to be tried as if no previous trial had taken place. It must result from this that the trial in the circuit court was not to be hampered or restricted in any way by that which had previously taken place before the justice; for otherwise it would not be a trial *de novo*.

IV. It is next contended by the defendant that there was no evidence before the jury that the beer obtained by the witnesses, of defendant, was intoxicating. If it be a question of fact for the jury to determine, from the evidence, whether beer is an intoxicating liquor, we think, the jury might well have concluded

from the testimony of the witnesses themselves, as to the effect that which they procured from defendant had on them, that it was. But we think that this was no question of fact for the jury. The instruction of the state might assume that beer is an intoxicating liquor. By reference to sections 4593 and 4598, Revised Statutes, it will be seen that beer is, in effect, there defined to be an intoxicating liquor. Its intoxicating qualities are legislatively recognized, and its sale, for that reason, prohibited, except under certain conditions prescribed by the state. But it is further objected that the information charged that defendant sold "lager beer," while the proof was that she sold "beer." It is true that there was this variance between the charge and the proof, but this, in view of the statute, was not of consequence. In section 4114, Revised Statutes, it is provided that, whenever on the trial of any misdemeanor there shall appear to be any variance between the statement in the information or indictment and the evidence offered in proof thereof, in the description or name of any matter, or anything whatever therein named or described, it shall not be deemed grounds for acquittal, unless the court before which the trial shall be had shall find such variance is material to the merits of the case or prejudicial to the defense of defendant. This statute precludes an examination into the question by us. The action of the trial court is conclusive in that matter. *State v. Smith,* 80 Mo. 520; *State v. Rhodes,* 35 Mo. App. 360.

V. As to the instructions asked by defendant, and refused by the court, it may be remarked that the first was properly refused for the reason that there was no evidence offered upon which to base its hypothesis. *State v. Ware,* 62 Mo. 597. The second was inapplicable to the facts the evidence tended to establish. The evidence tended to show that the defendant was present and directed Paul, the stable man, to deliver to the

witnesses the beer which they called for. She participated in the transaction. Her verbal acts were part of it. She was in charge of the house and its contents; whether the beer was the property of the defendant or husband, the evidence gives no intimation. It may have been her statutory separate property for aught that appears from the record. She was exercising acts of ownership and dominion over it. If any presumption arises on this state of facts, it is that she was in possession, either as owner or agent of one who was the owner. The third was rightly refused. Its assumption of facts was not authorized by any uncontradicted evidence. There is no evidence that the sale was made by any agent of defendant, and in which she did not participate. The fourth told the jury that if any individual juror had a reasonable doubt, they must acquit. The court in another instruction directed the jury that it devolved upon the state to prove her guilt beyond a reasonable doubt, and, if the state had failed to do so, they must acquit. This in effect declared to them that they—that is, each and every one of them—must believe that her guilt had been established by the evidence, beyond a reasonable doubt, before they could find her guilty. For that reason the court did not err in refusing this request of defendant. Nor was it error to refuse the defendant's fifth instruction. The expression, "preponderance of the evidence," is not proper in an instruction even in a civil case, unless explained. *Archer Milling Co. v. Walsh*, 37 Mo. App. 567. As to the sixth, it is sufficient to say that there was no evidence that the defendant sold a gallon or more of beer. One of the witnesses was asked whether he had obtained intoxicating liquors of the defendant in less quantities than one gallon, and answered "Yes, I bought three bottles of beer from her one Sunday evening." The plain inference from this is that the three bottles contained less than a gallon. There was no evidence introduced tending to show the sale of a

gallon or more of beer to either of the witnesses, or to others, and hence the instruction was improper. There was no evidence to justify the court in giving the seventh of the defendant's instructions. There was no evidence tending to show that the mental condition of the witness, at the time he procured the beer of defendant, was abnormal from any cause. The third instruction given by the court, *ex gratia,* stated the proper rule as applicable to the evidence.

The instructions given by the court are, it seems to us, unexceptionable. There is no force in the objection that the first of them directed the jury that, if they believed from the evidence that defendant at, etc., within one year prior to the nineteenth day of November, 1889, sold intoxicating liquors, etc., while the affidavit upon which the information was founded was made on the eleventh of November preceding. The information was filed on the nineteenth day of November, 1889. Whether the jury inquired into sales made by defendant within twelve months prior to one or both of these dates, is of no importance, since there was not a squinting of evidence that the defendant made any sale on any day between these dates. The sales, testified to, were all prior to the filing of the affidavit before the justice, so that no harm resulted to defendant by reason of the date of the instruction. The defendant makes the point that the second instruction given by the court, which told the jury that they could not convict the defendant upon a sale, if any, made by Paul unless she authorized him to make the sale or participated with him in making the sale, or unless the evidence shows that Paul was her agent or clerk, in which last case she would be liable for his act unless it was done without her consent, and in such case it would devolve upon her to prove that the sale was without her consent, was erroneous and should not have been given. The evidence of the witness Lee tends to show that the sale made by Paul, who was Heinze's barkeeper, was made

in obedience to the express order of defendant, and in her presence, so that there was really no occasion for the jury to consider the latter alterations of the instruction.

If, however, Paul was her agent or clerk and sold the liquor without her consent, she would be liable, unless she showed that such sale was unauthorized and forbidden. The burden of showing this would be upon her. *State v. Hickler*, 81 Mo. 417; *State v. Raily*, 75 Mo. 521; *Rex v. Almon*, 5 Burr. 2686. The case was, we think, fairly submitted on the evidence and instructions, and that the defendant has no just grounds of complaint. The judgment of the circuit court will be affirmed. All concur.