CITY OF LIBERTY, Respondent, v. JOHN MORAN,
Appellant.

Kansas City Court of Appeals, November 19, 1906.

1. **MUNICIPAL CORPORATIONS: Charter: Selling Liquor: Ordidinance: Misdemeanor.** Though a charter requires the city council to prescribe by ordinance what shall constitute a misdemeanor, it does not contemplate that there shall be a separate ordinance declaring what acts shall be considered a misdemeanor; but an ordinance treating of a subject such as selling liquor may prescribe what is a misdemeanor in relation to that subject.

2. ———: **Selling Liquor: Ordinance: Pleading.** Where an ordinance prescribes in the disjunctive that either of several things shall be a misdemeanor, it is good pleading for the charge to connect such acts conjunctively and the proof of any one will be sufficient to sustain the action.

3. ———: ———: **Evidence: Jury.** At a trial for selling liquor in violation of an ordinance, it is not necessary that the evidence should be direct: and where reasonable inferences from matters directly shown would establish the case, there is no lack of evidence; and a defense that the defendant was without knowledge of the action was properly submitted to the jury and their finding is conclusive.

4. ———: ———: **Principal and Agent: Knowledge.** Sales made by an agent may be charged against the principal and proof that the action was committed by the clerk presumptively shows the authority of the principal.

Appeal from Clay Circuit Court.—*Hon. Joshua W.
Alexander,* Judge.

AFFIRMED.

*William J. Courtney* and *D. C. Allen* for appellant.

(1) The court erred in overruling appellant's motion to quash the warrant of arrest issued by the city recorder. The charter in express and unmistakable language, says that the city council shall, by ordinance, prescribe in what a misdemeanor shall consist, or what shall constitute one. In a word, the charter divorces the constitutive facts from the ordinance declaring the penalty. (2) All authorities on the question are that the words must not be repugnant to each other and must individuate the offense. Now, here, the words, "otherwise dispose of," are too vague to be good or safe pleading. Too many things may be given in evidence under them of which the defendant could not be advised. The defendant ought to be advised. (3) There is one thing in the evidence which is absolutely certain. It is this: If there was a sale or gift or other disposition of liquors on appellant's premises on Sunday, August 6, 1905, on which a charge of committing a misdemeanor can be based, the act was not committed by John Moran in person. That is clear and sure by all of the evidence. It was committed—if there was the legal basis—by John DeVoke. (4) There was a complete failure of proof of the charge in the information. That was necessarily fatal. The rule applies with greater force in criminal proceedings. R. S. 1899, secs. 798, 799; Waldhier v. Railroad, 71 Mo. 514; Smith v. Fordyce, 190 Mo. 1; Casey v. Donovan, 65 Mo. App. 521. (5) Respondent could recover—if at all—only on the charge made by it in the information. The charge in the information unquestionably was not proven. Appellant's motion for a new trial should, therefore, have been sustained. Whipple v. B. & L. Assn., 55 Mo. App. 554; McCormick v. Railway, 154 Mo. 202; Haynes v. Trenton, 108 Mo. 132.

*Denny C. Simrall, Richard I. Bruce* and *Frank H. Trimble* for respondent.

(1) The respondent, under its charter, had ample authority to make the acts complained of a misdemeanor and to provide a penalty therefor. Charter, art. 3, sec. 1, clauses 14, 24, 31 and 32, charter, art. 7, sec. 12, (2) The respondent by ordinance declared the acts charged against the defendant a misdemeanor. Sec. 17 of ordinance No. 213, in relation to licensing dramshops. (3) The information was properly drawn and appellant's motion to elect was properly overruled. State v. Cameron, 117 Mo. 375; State v. Pittman, 76 Mo. 56; 1 Bishop's New Crim. Proc., p. 269, sec. 436. (4) The information charged the offense in the language of the ordinance, and that was sufficient. Less particularity is required in prosecutions under city ordinances and for misdemeanors. Louisiana v. Anderson, 100 Mo. App. 344; State v. Cox, 43 Mo. App. 332; Bishop on Statutory Crimes (3 Ed.) p. 683, sec. 1045; State v. Heinze, 45 Mo. App. 415; State v. Heckler, 81 Mo. 420; Bishop on Statutory Crimes (3 Ed.), p. 687, sec. 1049.

ELLISON, J.—The defendant was charged and convicted of a misdemeanor in violation of an ordinance of the city of Liberty. On appeal to the circuit court, he was again convicted. The complaint in the nature of an information duly sworn to is as follows:

"The plaintiff complains of the defendant in the above-entitled cause and informs the court, that said defendant, on the 6th day of August, 1905, and within the limits of the city of Liberty, in Clay county, Missouri, did, then and there, sell, give away and otherwise dispose of intoxicating liquors upon and about the premises of him, the said John Moran, on the said 6th day of August, 1905, which day was then and there the first day of the week, commonly called Sunday, the said John

Moran being then and there a person having a license as a dramshop keeper in said city, and the said premises being then and there the dramshop of him, the said John Moran, in violation of the 17th section of an ordinance of said city, numbered 213, entitled, An Ordinance in Relation to Licensing Dramshops, and said defendant was, thereby, then and there guilty of a misdemeanor.　　　　　DENNY C. SIMRALL,

"City Attorney."

Defendant moved to quash the warrant for his arrest and to dismiss the information for the reason that the city had never by an ordinance declared the matters charged against defendant to be a misdemeanor. The motion was overruled.

Defendant then moved to compel the city "to elect the cause of action it would proceed on." The reasons for said motion as stated therein are as follows:

"Because by law there can be but one cause of action embraced in one and the same charge or count, whereas, the plaintiff in the charge made by it against defendant herein unites some half-dozen several and distinct causes of action, to-wit, the selling, giving away and otherwise disposing of intoxicating liquors on Sunday— the said words, 'otherwise disposing of intoxicating liquors,' embracing in itself two or more several and distinct causes of action." This motion was likewise overruled by the trial court.

The trial court properly overruled the motion to quash. It is true, as argued by defendant, the charter of the city, article 7, section 12, declares that, "The city council shall, by ordinance, prescribe in what a misdemeanor in said city of Liberty shall consist, or what shall constitute the same." And so it was shown by the city that it had prescribed by ordinance No. 213, section 17, that, "Any person having a license as a dramshop keeper, who shall keep open such dramshop, or who shall sell, give away or otherwise dispose of, or

suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week commonly called Sunday, or upon the day of any election of State, county or municipal officers, shall be deemed guilty of a misdemeanor, and upon conviction, shall be punished by a fine of not less than five nor more than ninety dollars." That ordinance explicitly declares the acts which constitute a misdemeanor and in all respects fulfills the meaning of the charter. It was not necessary, nor did the charter contemplate, that there would be a separate ordinance declaring what acts should be considered to be misdemeanors.

We think the court likewise properly overruled the motion to elect. There is but one offense charged, viz., the traffic in liquor on Sunday. It was declared by the ordinance to be an offense for a dramshop keeper to sell or give away or otherwise dispose of intoxicating liquor on Sunday. In such cases it has always been permissible and has always been accounted good pleading for the charge to be in the conjunctive connecting in one charge, all the elements named as constituting the offense. For instance, if the law be against "selling or giving away liquor;" it may be charged that the liquor was sold and given away. Such charge is not bad for duplicity or repugnancy, and is sustained by proof of either selling or giving away. [State v. Pittman, 76 Mo. 56; State v. Fancher, 71 Mo. 460.] So, also, "Where a statute in one clause forbids several things or creates several offenses in the alternative which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively, in one count, and the count is sustained by proof of one of the offenses charged." [State v. Cameron, 117 Mo. 371.]

The evidence was sufficient to sustain the verdict. It did not consist altogether of what is sometimes called

direct or affirmative evidence, but when we include within its scope reasonable inferences which a jury is authorized to draw from matters directly shown, there was no lack of evidence. The city marshal or constable heard the clinking of bottles and on going to the door found four men sitting around a table in defendant's "wineroom" on Sunday. He saw glasses, but did not see the bottles. Defendant's bartender came out from the adjoining barroom and demanded to know what the constable was doing there. In a moment defendant himself came from the residence portion of the house and asked a like question. It was shown by other witnesses that the bartender waited upon them and that it was four bottles which were served to them. The defense advanced the theory that the party we have designated as bartender was not, in point of fact, occupying that place. But that he was an intimate friend and kinsman of defendant and invited the four others to the saloon to treat them as his individual act without the knowledge of defendant. This theory was submitted to the jury and rejected by them.

The defense made is broad enough to include a denial of defendant's authority for, and consent to, the sale. "Sales made by an agent may, at the election of the pleader, be charged against the principal as if made by his own hand." [Bishop on Statutory Crimes, sec. 1045.] And so the mere fact that the pleader in this case saw fit to charge that defendant committed the act while the proof shows it was his clerk will not constitute a variance. And proof that the act was committed by the clerk presumptively shows authority, consent, or knowledge of the principal. [State v. Heinze, 45 Mo. App. 403; State v. Heckler, 81 Mo. 420; State v. Reiley, 75 Mo. 521.] But, as already intimated, the State's case does not rest upon a presumption of authority from defendant. We think the circumstances in proof as

shown by the city are ample to show defendant's knowledge and consent.

We have given full consideration to the learned argument of counsel for the defense both oral and written, but under the authorities in this State we feel compelled to hold the rulings of the trial court as proper and that the verdict was supported by the evidence. The judgment is affirmed. All concur.