THE STATE OF MISSOURI, Respondent, v. THOMAS SCANLON, Appellant.

Kansas City Court of Appeals, May 4, 1908.

SELLING LIQUOR: Evidence. Evidence relating to getting a drink of whisky in a drug store is reviewed and held to include within its scope reasonable inferences to justify the finding of a sale.

Appeal from Caldwell Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Frank B. Klepper* for appellant.

(1) The act alleged does not constitute a sale, because: (a) It is elementary that to constitute a sale of personal property there must be a proper subject, a

fixed price and a consent of the contracting parties, and where one of those elements is lacking there is no sale. Cunningham v. Ashbrook, 20 Mo. 554; Nance v. Metcalf, 19 Mo. App. 183; Peycke v. Ahrens, 98 Mo. App. 456; Marten v. Mill Co., 49 Mo. App. 29; Tiedeman on Sales, sec. 1; Benjamin on Sales (3 Ed.), secs. 2, 3. (b) Where any one of these necessary elements is lacking there can be no sales. Greer v. Bank, 128 Mo. 572. (2) While the general rule is that ordinarily an appellate court will not weigh the evidence if there is any evidence from which the court might reasonably have found its verdict, but at the same time in criminal cases the higher courts will not abdicate the right to overturn verdicts which are not based upon the corner stone of substantial justice. State v. Primm, 98 Mo. 368; State v. Mansfield, 41 Mo. 473; State v. Marshall, 47 Mo. 378; State v. Leach, 50 Mo. 535; State v. Mahan, 138 Mo. 112; State v. Brooks, 94 Mo. App. 57; State v. Huff, 161 Mo. 459; State v. Nesenhener, 164 Mo. 461; State v. Prendible, 165 Mo. 329; State v. Castor, 93 Mo. 242; State v. Darrah, 152 Mo. 522. (3) The court convicted on circumstantial evidence alone. The finding of the court was not warranted by the evidence, because all the facts and circumstances were more compatible with innocence of the accused, than of his guilt. (4) Where the State relies on circumstantial evidence, the facts and circumstances must be incompatible with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than the guilt of the accused. State v. Moxley, 102 Mo. 374; State v. Avery, 113 Mo. 475; State v. David, 131 Mo. 380; State v. Quinn, 25 Mo. App. 102; State v. Scott, 177 Mo. 665.

D. E. *Adams* for respondent.

(1) This case having been submitted to the court, the finding has the same force and effect as the ver-

dict of a jury, and the appellate court will not weigh the evidence in a criminal case, where the verdict or finding in the trial court is supported by substantial evidence. State v. Geise, 39 Mo. App. 189. And this is the rule in criminal as well as civil cases. Bozarth v. Legion of Honor, 93 Mo. App. 564 and cases cited on page 567; Rogers, Worley and Carson v. Hopper, 94 Mo. App. 437. (2) The court when trying a case without a jury performs all the duties of both judge and jury, and is required to pass upon the law and facts of the case, the credibility of the witnesses, and the weight to attach to their testimony. State v. Thornhill, 177 Mo. 691; State v. Roan, 106 S. W. (Mo. App.) 581; State v. Willis, 106 S. W. (Mo. App.) 584; Liberty v. Moran, 121 Mo. App. 682, 686.

ELLISON, J.—The defendant, a druggist, was convicted for selling whisky in less quantity than four gallons. The case was tried without a jury, there was no exception taken on the evidence as it was being heard, and no instructions were asked. The sole question is whether there was evidence sufficient to sustain a finding of a sale.

The man to whom the sale is said to have been made was a witness for the State and he testified that he had known defendant about one year; that he went into his drugstore to get a drink of water; that he walked by the defendant and on to the rear of the room, went behind the prescription case where a door opened into a back room. He saw a bottle of whisky and a small glass sitting on a barrel or shelf. That he then concluded he would take a drink of the liquor and poured out the glass full, drank it, came out, passed through the store the way he went in and in passing defendant, who was writing on the counter, he dropped or threw a dime in front of him on the paper on which he was writing. That he "did not pay attention to

whether defendant looked up or down," and did not speak to him as he went in or came out.

In our opinion the foregoing was sufficient to sustain the finding made by the trial court. As we said of the evidence in Liberty v. Moran, 121 Mo. App. 682, "when we include within its scope reasonable inferences which a jury is authorized to draw from matters directly shown, there was no lack of evidence," to establish a sale.

The judgment is affirmed. All concur.