STATE OF MISSOURI, Respondent, v. BENJAMIN DURKEM, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. CRIMINAL LAW—INDICTMENT—SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION—CASE ADJUDGED.—Where the proof shows sales by defendant's clerk, instead of by defendant himself, it yet sustains the indictment. Proof of a sale made by the clerk makes a *prima facie* case against the principal, unless he shows that the sale was made without his knowledge or authority.

2. ——— INSTRUCTION—PRESUMPTION FROM NOT SHOWING LICENSE. Although an instruction tells the jury that defendant admits he had no license at a period therein named—and such an admission does not appear in the record—still the instruction could not have

harmed defendant, for if he had a license, at the time, it was incumbent on him to show it, and not having done so, it is presumed none existed.

APPEAL from Cole Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

EDWARDS & DAVISON, for the appellant.

I. There is no evidence to sustain the verdict. There was no proof of sale of liquor by *defendant.*

II. The instruction given for the state was not law. There was no evidence that any one acted as barkeeper for defendant. Instructions must be based upon the evidence. Again there is no evidence that the indictment was ever filed.

III. The demurrer interposed by defendant to the evidence, at the close of the state's case, should have been given. There is no evidence in the record tending to show that the defendant in this case, either by himself, or through any clerk or bartender, ever sold in Cole county, any intoxicating liquor, in less quantity than one gallon, at any time that he did not have a license to do so.

IV. The indictment charges the sale to have been made by the defendant, and *not* that it was made by a clerk, or that he permitted it to be sold, and the instruction for the state, *telling the jury that if defendant, or any one in his employment as barkeeper did sell,* etc., they will find him guilty, should not have been given. There is no evidence of any sale. In order to constitute a sale there must be a *price paid* for the thing sold.

V. The *third* instruction assumes that defendant *admitted* that he had no license at a certain period. There is no evidence of such admission in the record. The instruction was in the face of the evidence and should not have been given.

No brief for the respondent.

ELLISON, J.—Defendant was indicted for selling intoxicating liquor in less quantity than one gallon without a license. Objection is made that the evidence does not sustain the conviction.

An examination of the testimony satisfies us that the objection is not well taken. Though the proof shows sales by defendant's clerk instead of by defendant himself, it yet sustains the indictment. Either may be indicted. *Schmidt v. State*, 14 Mo. 103. Proof of a sale by the clerk makes a *prima facie* case against the principal, and if he wishes to escape he must rebut it by proof, showing that the sale was without his knowledge or authority. *State v. Reily*, 70 Mo. 521.

It is next objected that the court erred in giving instruction number three, for the state, wherein the jury is told that defendant admitted he had no license from August to March 19. Such an admission does not appear in the record, but the instruction cannot have harmed defendant, for if he had a license between those dates, it was incumbent on him to show it, and not having done so, it is presumed none existed.

The instruction, therefore, while not literally true, and while it should not have been given, as worded, has resulted in no injury to defendant.

The judgment is affirmed. All concur.