THE STATE OF MISSOURI, Respondent, v. JEFF. MORTON, Appellant.

Kansas City Court of Appeals, November 10, 1890.

1. **Selling Liquors: EVIDENCE: INSTRUCTIONS.** Where defendant, in reply to a complaint of a "dry town," replied to the complainer that, if he would furnish the money, defendant would supply the whiskey, and, upon the production of the money, defendant returned from a short absence with a pint of whiskey and the change, *held* that, while the testimony might be construed as constituting defendant the agent of the purchaser, yet it justified the jury under proper instructions (set out in the opinion) in finding the transaction a sale.

2. **Appellate Practice: NO REVIEW ON APPEAL, WHEN.** When there is no complaint of the action of the trial court in the motion for a new trial, there can be no review thereof on appeal.

3. **Instruction:** WHEN PROPERLY REFUSED. Instructions are properly refused when they are useless, being already given in others, and contain long definitions, which are mere surplusage, calculated to confuse, rather than to enlighten, the jury.

4. **Selling Liquor:** AGENT LIABLE: INSTRUCTION. An instruction telling the jury that, unless defendant owned the whiskey, he could not be convicted is erroneous, since if he sold even as an agent for another he violated the law and was punishable therefor.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*T. H. Cloud* with *H. Clay Daniel*, for appellant.

( 1 ) We do not think there is any evidence in this case to warrant this instruction. Besides, it denies that the question of agency could exist in this case, contrary, as we think, to the ruling of this court heretofore made. *State v. Clark*, 18 Mo. App. 531 ; *Hogg v. People*, 19 Cent. Law Jour. 476. ( 2 ) The court, we think, erred in refusing the instructions asked by the defendant, because the proof clearly established the fact that the defendant simply acted in the purchase and delivery of the whiskey as the agent of Mers, and this point was plainly raised in the instructions for the defense, which were refused by the court, and not permitted to go to the jury. Authorities, *supra*. ( 3 ) We think the instruction asked by defendant and by the court refused, defining the terms sale, gift and barter under the option-law act, should have been given. The laws of this state do not impose penalties on the purchaser, but on the seller of whiskey. The local-option act in counties and cities, where it is legally adopted, imposes penalties on those who "sell, give away or barter in any manner whatever" intoxicating liquors. Session Acts, 1887, sec. 6, p. 181.

. *J. F. Lynn* and *J. T. Burney*, for respondent.

(1) In order to avail himself of objections to the giving or refusal of instructions defendant should have objected at the trial. *State v. Reed*, 89 Mo. 168; *State v. Rambo*, 95 Mo. 462; *State v. Bayne*, 88 Mo. 604. And also preserved his exceptions in his motion for a new trial. *State v. Dunn*, 73 Mo. 586; *State v. McCray*, 74 Mo. 303; *State v. Preston*, 77 Mo. 294; *State v. Emory*, 79 Mo. 461. (2) Instructions numbered 1 and 2 asked by defendant do not properly declare the law. *Schmidt v. State*, 14 Mo. 137; *Isbell v. State*, 13 Mo. 86; *Hays v. State*, 13 Mo. 247; *State v. Bryant*, 14 Mo. 340; *State v. Durken*, 23 Mo. App. 387. (3) The question of defendant's guilt or innocence was properly submitted to the jury, and the verdict should stand. *State v. Clark*, 18 Mo. App. 531.

GILL, J.—Defendant Morton was indicted, tried and found guilty of selling liquor, to-wit, one gill of whiskey, in Cass county, contrary to the provision of the local-option law in force at the time in said county. The cause was tried before a jury, who assessed a fine of three hundred dollars, on which a judgment was entered, and from which defendant appeals. The particular matter charged is that defendant met one Mers at Harrisonville, whereupon said Mers complained to Morton that it " was a dry town," etc., and defendant replied to Mers that, if he (Mers) would furnish the money, he (Morton) would supply the whiskey. Mers did produce the money (one dollar), and after an absence of a few minutes Morton returned to Mers and gave him a pint of whiskey with the return of fifty cents in change.

I. It is urged first that the evidence did not support the charge of *selling* whiskey, but that it only tended to show an *agency* ; that the defendant was simply employed as Mers' agent to go and get him some whiskey. While the testimony might be subject to such

a construction, as that defendant was agent for Mers in the purchase, we still think the jury was justified in their finding that it was a *sale* by defendant to Mers. It seems the jury found the facts necessary to conviction, as incorporated in the following instructions, asked for by the state and given, without objection, on the part of defendant, to-wit:

"1. The court instructs the jury that a sale, in law, is the transmutation of personal property from one person to another for a price. If, therefore, you shall find, from the evidence, that the defendant bought or received whiskey in any quantity, and then sold, transferred and delivered it or any part thereof to the witness Mers, as charged in the indictment, for a certain consideration paid by said Mers, you shall find the defendant guilty, even though you may believe that the defendant bought or procured the same for the purpose of selling it to Mers.

"2. The court instructs the jury that in considering the question as to whether the defendant sold to the witness Mers whiskey as charged in the indictment, you are to consider all the facts and circumstances detailed in evidence ; and, if you shall find and believe from the evidence that defendant furnished or procured the said liquor himself, and that he afterwards sold and delivered the same or a part thereof to the witness Mers, you shall find the defendant guilty as charged, notwithstanding defendant may have purchased the said whiskey solely for the purpose of reselling and delivering the same to the witness Mers, and that defendant had · received from Mers the price in payment thereof before he bought the same."

We think the evidence sufficient to warrant the jury in finding the defendant guilty of the offense charged, and sufficient to justify an affirmative answer to each of the hypothetical questions presented in these instructions, which we think succinctly and clearly presented the case to the jury.

II.   Defendant in his brief complains of the court's refusal to give his two instructions numbered 1 and 2. As to number 2, it is sufficient to say that no such complaint was made in the motion for new trial.   The specific error there pointed out to the trial court was its refusal to give defendant's instruction number 1, no mention being made of number 2.

It is well understood, then, that such matter cannot be urged here as error for the first time.

As to defendant's instruction numbered 1, it was rightly refused, and for several reasons.   It was entirely useless, since the instructions already given by the court comprised the law relating to a *sale* by defendant, and the long definitions of *gift*, *barter*, etc., made to appear in said refused instructions, were mere surplusage, and calculated to confuse, rather than enlighten, the jury.    Besides, this asked-for instruction erroneously told the jury that, unless Morton *owned* the whiskey which he procured for Mers, he could not be convicted. This is clearly not the law in such cases.   Although Morton may have been the agent for the owner of the whiskey, and had no title himself, yet in selling to Mers (even as agent for another) he violated the law and was punishable therefor.   *State v. Durken*, 23 Mo. App. 387; *Schmidt v. State*, 14 Mo. 137; *Hays v. State*, 13 Mo. 246.   There is no merit in this appeal, and the judgment is affirmed.   All concur.