## The State of Kansas v. A. B. Smith.

Whisky — *Evidence of Sale — No Permit — Instruction — Guilty.* Where a defendant, upon being accosted by another person, who asked him if he could get some whisky, replied that if he would give him his money he thought he could, and such person then asked him how much it would be, and the defendant answered, "a dollar a pint," and upon being given this amount of money the defendant went away, and returned in about 15 minutes with a pint of whisky, which he put down in an outhouse for the person paying the money, and then immediately left, and such person went into such outhouse and obtained the liquor, *held,* that, upon instructions to the effect that if the defendant acted for himself in selling the whisky, or if he acted as the agent of the owner of the whisky in furnishing the same to the party paying therefor, the jury might properly find the transaction a sale, and the defendant, having no permit to sell intoxicating liquors, guilty under the statute.

### Appeal from Pratt District Court.

On the 14th day of September, 1892, an information was filed against A. B. Smith, charging him with a violation of the prohibitory liquor law in selling certain liquors without a permit. Trial had on the 25th of November, 1892. The

jury returned a verdict of guilty, and the district court sentenced the defendant to pay a fine of $100, and to be imprisoned in the jail of Pratt county for the period of 90 days. The costs of prosecution were also adjudged against the defendant, and he was required to stand committed until the fine and costs were paid.    The facts in the case, as developed on the trial, are substantially as follows: A. B. Smith, while back of Stewart's store, in Iuka, in Pratt county, on the 13th of August, 1892, was accosted by the witness James Nash, who asked him if he could get some whisky for himself and the friend who was with him, and Smith replied, that if he would give him his money he thought he could.    Nash asked him how much it would be, and Smith replied that it was $1 a pint, and they each gave him $1.    He (Smith) went with the money to his house, where he had just left Bob Durant, who had previously told him if he knew of anyone wanting something to drink to let him know, and from whom he had on several previous occasions procured whisky, and he obtained two pints of whisky from Durant, and took it in about 15 minutes to an outhouse within a short distance of where Nash and his friend were waiting for him, and in plain view of them, and left it in the outhouse for them, and they immediately went into the outhouse and got the whisky.    It was admitted that Smith had no permit to sell intoxicating liquors.

The court instructed the jury as follows:

"1. That the law presumes every person innocent of crime until proven guilty beyond a reasonable doubt.

"2. By a 'reasonable doubt' is not meant a mere conjecture or imaginary impression, but is a doubt founded upon reason, and arising either from the evidence adduced in the trial, or from the want of evidence.

"3. You are further instructed, that the liquors generally or publicly known as 'whisky, beer and ale' are presumed by law to be intoxicating, without proof of their intoxicating character on the part of the state, and such liquors can be legally sold only by druggists who have a permit to sell the same for medicinal or scientific purposes.

"4. If you find from the evidence, beyond a reasonable doubt, that the defendant sold intoxicating liquors as charged in the information of the county attorney, at any time within two years next on or before the 14th day of September, 1892, then you shall find the defendant guilty.

"5. The law does not tolerate or countenance any deceit or subterfuge for the violation of its mandates, and that the giving away of intoxicating liquors, or any shift or device to evade the provisions of the law, is deemed an unlawful selling of intoxicating liquors.

"6. Any person who acts as an agent for another for selling intoxicating liquors contrary to law may be convicted the same as his principal, and it is immaterial whether the name of the principal is known or not.

"7. In this class of cases the law does not recognize an agency, and even though the defendant may have only acted as the agent of the owner of the whisky, and had no title himself, yet if he sold it to Mr. Nash, even as an agent for another, he violated the law, and you should find him guilty.

"8. A sale, in law, is the transmutation of personal property from one person to another for a price. If, therefore, you shall find from the evidence that the defendant bought or received whisky in any quantity, and then sold, transferred and delivered it, or any part thereof, to the witness Nash, as charged in the information, for a certain consideration paid by said Nash, you should find the defendant guilty, even though you may believe that the defendant bought or procured the same for the purpose of selling it to Nash.

"9. In considering the question as to whether the defendant sold to the witness Nash whisky as charged in the information, you are to consider all the facts and circumstances detailed in evidence; and if you shall find and believe from the evidence, beyond a reasonable doubt, that defendant furnished or procured the said liquor himself, and that he afterward sold and delivered the same or a part thereof to the witness Nash, you should find the defendant guilty as charged, notwithstanding the defendant may have purchased the said whisky solely for the purpose of reselling and delivering the same to the witness Nash, and that the defendant had received from Nash the price in payment thereof before he bought the same.

"10. You are the exclusive judges of the facts in this case, and what the evidence proves; also, are judges of the credibility of the witnesses. In determining the credibility of

the witnesses, you may take into consideration their deportment upon the witness stand, their interest in the event of this action, and their friendly or hostile feeling toward the defendant. Trusting that you will give the able counsel who shall address you a patient and considerate hearing, that you will not confound the arguments with the law and the facts, and believing that you will discharge your duty in the premises conscientiously and justly, the case is now submitted to your consideration."

Smith, the defendant, excepted to the rulings, instructions and sentence of the court, and brings the case here.

*Ellis & Barrett,* for appellant.

*John T. Little,* attorney general, and *J. M. Dumenil,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The errors alleged in this case concern the giving and refusing instructions to the jury. The instructions given are criticised, and the statement of the trial court "that a sale in law is the transmutation of personal property from one person to another for a price" is urged as being inapplicable and unintelligible. The court evidently used the word "transmutation" as "change" or "exchange." The word "transmutation" is sometimes defined as "the change of one species into another; the change from one nature, form or substance into another." Taking all the instructions together, we perceive no good reason why the word "transmutation," as used, should have misled the jury.

The most serious matter urged is, that the trial court refused to give the following instruction:

"You are instructed that, if you find from the evidence that the defendant took money from another person for the purpose of purchasing intoxicating liquors from some third person, who had the same for sale, and in whose sales defendant had no other interest than as a purchaser, and that the defendant did purchase the intoxicating liquors from such third person with the money received by him for that purpose, and did deliver it to the person from whom he received

the money, or placed it where it could be and was found by the person or persons for whom it was purchased, such a transaction does not constitute a sale by the defendant."

The theory of the prosecution was, that Smith, in furnishing intoxicating liquor to Nash and his friend, acted for himself only, or for Durant, from whom he procured the liquor. The instructions of the court fully informed the jury that they could not find Smith guilty, as charged, unless he sold on his own account to Nash and his friend intoxicating liquor, or unless he acted as the agent of the owner of the liquor in selling the same. Smith was not found guilty by the jury upon the theory that he was simply the purchaser of intoxicating liquor from Durant, or that he acted merely as the agent of Nash and his friend in obtaining the liquor. We think, under all the circumstances of the case, the instructions given were sufficient and not misleading, and that no material error was committed in refusing the instructions requested. (*The State v. Morton*, 42 Mo. App. 64. See, also, § 410, crimes act, Gen. Stat. of 1889, ¶ 2550.)

The judgment will be affirmed.

All the Justices concurring.