STATE OF MISSOURI, Respondent, v. PIERCE, Appellant.

St. Louis Court of Appeals, February 21, 1905.

1. DRAMSHOP KEEPER: Selling Liquor on Sunday: Instruction to Bartender. In the prosecution of a dramshop keeper for selling intoxicating liquor on Sunday, where the evidence showed that the liquor, beer, was sold by the defendant's bartender and that he had instructed all his bartenders not to sell liquors on Sunday, but had made no effort to see that such instructions were observed, and that it was customary for his bartender to scrub out the saloon, and for his family to get water from the saloon on Sunday, it was a question for the jury as to whether the defendant instructed his bartender in good faith or connived at the selling.

2. ——: Evidence. Evidence of an attempt on the part of the defendant, made two or three years before the offense was said to have been committed, to get the saloon keepers of the town to agree not to sell beer by the can, was incompetent and it was prejudicial error to admit it.

3. ——: ——. Evidence that the defendant did not instruct his bartenders not to sell beer by the can, when his own evidence showed that selling beer by the can was bad for the community's welfare, was incompetent and it was prejudicial to admit it.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper*, Judge.

REVERSED AND REMANDED.

*Fielding P. Sizer* for appellant.

*D. H. Kemp* for respondent.

GOODE, J.—This defendant, a dramshop keeper
in the town of Monett, was convicted of selling intoxi-
cating liquors on Sunday in violation of the statute.
The liquor sold in the instance for which the present
information was filed was beer, and the sale was made
by Norman Sturgis, a bartender in the defendant's em-
ploy. There has been no brief filed, but we find the
defense invoked by the instructions was that Sturgis
sold the beer contrary to the defendant's order. The
court instructed the jury that if they believed the de-
fendant had in good faith and before the sale, instructed
Sturgis not to sell any intoxicating liquors on the first
day of the week, and if Sturgis sold the beer contrary
to this command, they should acquit the defendant.
Several other instructions in proper form were given.
The defendant and several of his bartenders swore de-
fendant had given orders to all of them that no sales of
intoxicating liquors should be made on Sunday. On
this testimony it is insisted the court should have di-
rected an acquittal. In State v. Meagher, 49 Mo. App.
571, the criminal responsibility of a dramshop keeper
for sales of liquors on Sunday by his bartender was in-
vestigated, and also the question of what the State must
prove to make a prima facie case. The prosecuting
witness in the present case swore he entered the defend-
ant's saloon through a rear door. The saloon is in a
hotel building and the witness passed through the hotel
into which this door opened. The door was not locked
and other persons were in the saloon. Sturgis sold him
the beer when he asked for it. Witnesses for the de-
fense and the defendant himself, testified it was custo-
mary to scrub the saloon on Sunday and that the bar-
tenders went in for that purpose. The defendant lived
in an adjoining room which communicated with the
saloon, and said his family got their water for cooking
purposes from the saloon and would go in and out on
Sunday to get it. Sturgis was his son-in-law. While

the defendant testified to giving positive instructions against sales of liquors on Sunday, he said he made no effort to see that his instructions were observed. The facts are in no way different from those in the case cited, and as it is a precedent directly in point, we hold that a prima facie case was made against the defendant and it was for the jury to say whether he exculpated himself. We regard the inference that he connived at sales of liquor by his bartenders as one fairly to be drawn from the evidence.

During the trial Robert Lauderdale, a justice of the peace it seems, was put on the stand by the State and was asked what he remembered as to the defendant's testifying at some previous trial in regard to having endeavored to enter into a written agreement with the other saloon keepers of Monett not to sell intoxicating liquors on Sunday, and what conditions the agreement contained in regard to selling beer by the can. This question was objected to as irrelevant to the case on trial. The objection was overruled and the defendant excepted. The witness answered that he did not remember whether it was a written agreement, but remembered that the defendant said something about trying to get·the saloon keepers in Monett not to sell beer by the can. It developed that this attempt of the defendant to come to an agreement with the saloon keepers of Monett occurred two or three years before the date of the offense in issue and had nothing to do with selling liquor on Sunday, but was simply an effort to get them to agree not to sell beer by the can at any time. When the defendant was again put on the stand, on cross-examination by the prosecuting attorney, he was asked this question: "I will get you to state whether or not you instructed your bartenders not to sell by the can?" This question was objected to as irrelevant and prejudicial, because the defendant was on trial for selling beer on Sunday and whether he had instructed his bar-

tenders not to sell beer by the can had no tendency to prove or disprove the charge. The objection was overruled, an exception saved and the defendant answered that he did not instruct his bartenders not to sell beer by the can. He was then asked why he gave no such instruction and answered that he did not purpose to handicap himself. There was further cross-examination by the prosecuting attorney, the obvious purpose of which was to induce the witness to say that, as other dramshop keepers in Monett kept their saloons open on Sunday, he would be handicapped by closing his saloon on Sunday as much as he would be by not selling beer by the can when other dramshop keepers sold in that way. All this testimony was immaterial, threw no light on the issue of whether the defendant was guilty or innocent of the offense with which he was charged and may have told prejudicially against him in the minds of the jury. The attempted agreement not only had no relation to selling liquors on Sunday, but was an incident which had happened several years before the date of the offense charged. It was unjust to force the defendant to say he had not ordered his bartenders to sell beer by the can. The defendant testified that he had endeavored to obtain that agreement because he thought sales by the can tended to promote drunkenness and had a bad effect on the morals of the community. The testimony was drawn out by the prosecuting attorney in the first instance. To compel the defendant to say he had given no orders against sales of beer by the can, after he had told why he tried to get an agreement from the dramshop keepers of the town not to sell in that mode, put him before the jury as having conducted his business in a way he thought bad for the community's welfare, when the fact had no bearing on the question of his guilt or innocence of the offense with which he was charged. It appears, too, from the testimony taken on the motion for new trial, that the prosecuting attorney

in his closing argument to the jury made use of the incident by reasoning as follows: "Gentlemen: the defendant tried to get the other saloon men in Monett not to sell beer by the can and they would not do it, and he said he could not afford to quit selling by the can unless the others would quit; that he would lose that class of trade. Gentlemen, the defendant could not afford to quit selling on Sunday unless the others quit, for he would lose that class of trade." That language was objected to and the prosecuting attorney was told by the court to keep inside the record. No exception was saved and, while the argument was unfair, it would not be ground for reversal; but it illustrates the injurious use which can be made of irrelevant and prejudicial testimony. We hold that all the evidence in regard to the attempted agreement not to sell beer by the can was foreign to the issues of this case, prejudicial in its tendency and erroneously received.

The judgment is, therefore, reversed and the cause remanded.

All concur.