THE STATE OF MISSOURI, Respondent, v. RICHARD MORGAN, Appellant.

Kansas City Court of Appeals, January 11, 1909.

1. DRUGGIST: Drinking on Premises: Indictment: Sufficiency of. An indictment charging that a druggist permitted intoxicating liquor to be drunk at and about his "place of business" is sufficient under the statute and need not say at his "drugstore."

2. ————: ————: Knowledge and Consent: Evidence. A druggist's knowledge of and consent to drinking liquor on his premises may be shown by circumstantial as well as by direct evidence.

3. ————: ————: ————: ————: Instructions. An instruction is condemned since it permitted conviction on the mere fact of knowledge when it should have required consent thereto, since mere knowledge is not sufficient.

Appeal from Polk Circuit Court.—*Hon. John T. Moore*, Special Judge.

REVERSED AND REMANDED.

*C. H. Skinker* for appellant.

(1) The indictment does not charge that the drinking was at or about defendant's drugstore, and the motion to quash should have been sustained. (2) Instruction 3 given for the State does not correctly state the law in regard to circumstantial evidence. It comments on the evidence, assumes that intoxicating liquor was drank on defendant's premises, and directs the jury to convict if defendant had knowledge of such drinking whether he consented to such drinking or not. "Knowledge" and "permission" are not synonymous.

*L. Cunningham* for respondent.

(1) The indictment follows the language of the statutes and is sufficient, and the court properly overruled defendant's motion to quash. R. S. 1899, sec. 3051.

JOHNSON, J.—Defendant, a druggist in Polk county, was indicted, tried and convicted for the offense of permitting intoxicating liquor to be drunk at his place of business. The indictment is as follows: "The grand jurors for the State of Missouri, summoned from the body of citizens of Polk county, empaneled, charged and sworn upon their oaths, present and charge that Richard Morgan, late of the county aforesaid, on the 6th day of December, 1906, at the said county of Polk in the State of Missouri, being then and there a druggist and dealer in drugs and medicines, did then and there unlawfully suffer and permit certain intoxicating liquor, to-wit, one pint of beer to be drunk at and about his place of business, against the peace and dignity of the State."

Defendant moved to quash the indictment on the ground that it "charges no offense under the law." The motion was overruled—defendant contends, erroneously. The objection is that the indictment uses the term "place of business" instead of "drug store" and that these terms are not necessarily synonymous. The statute under which the indictment was drawn (section 3051, Revised Statutes 1899) provides: "Any druggist or dealer in drugs and medicines who shall suffer alcohol or intoxicating liquors to be drunk at or about his place of business, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding two hundred dollars, or by imprisonment in the county jail not exceeding six months."

It will be noticed that the indictment uses the language of the statute, and we think it sufficiently charges that the offense was committed at the drug store of

defendant in Polk county. No other reasonable construction may be placed on the term "place of business" as employed therein.

It appears from the evidence of the State that three men purchased beer elsewhere and carried it into defendant's drug store where they drank it. Neither defendant nor his clerk was present and there is no direct evidence that either knew of or sanctioned the act. But we think the facts and circumstances disclosed were strong enough to take to the jury the issue of the actual knowledge and consent of defendant. The existence of that fact, if it did exist, could be proved by circumstantial as well as by direct evidence.

The court instructed the jury in part that "it is not necessary for the defendant to be present and give his consent orally for the prosecuting witness to drink on his premises, but if you find and believe from the evidence that the defendant had knowledge of such drinking, then in that case he would be guilty of the crime charged, and before you can convict the defendant on circumstantial evidence, the facts should point to defendant's guilt and exclude every reasonable hypothesis of defendant's innocence."

This language contains prejudicial error. To justify the jury in finding the defendant guilty it was not enough for them to believe from the evidence that he had knowledge of the drinking; the fact that he consented to the act was essential. The existence of such fact might be inferred from knowledge coupled with an apparent acquiescence. If, knowing that the men proposed to drink the beer in his store, defendant failed to object, the jury would be entitled to infer that he consented, but the instruction authorized a conviction on the hypothesis reasonably to be deduced from all the circumstances in proof that defendant did not consent. The error is too manifest to require further comment. The judgment is reversed and the cause remanded. All concur.