STATE OF MISSOURI, Respondent, v. A. F.
BROWN, Appellant.

**Kansas City Court of Appeals, November 7, 1910.**

**INDICTMENT: Selling Liquor: Weight of Evidence.** Although the
guilt of defendant seems doubtful, the weight of the evidence
is for the jury and where there is evidence on which to predi-
cate the verdict, the jury having been properly charged on the
subject of reasonable doubt, the verdict will not be disturbed
on appeal.

Appeal from Holt Circuit Court.—*Hon. Wm. C. El-
lison,* Judge.

AFFIRMED.

*Stokes & Martin* for appellant.

*H. T. Alkire* and *Frank Petree* for respondent.

JOHNSON, J.—Defendant, the proprietor of a
drug store in Craig, Holt county, was indicted, tried
and convicted for selling liquor in violation of the Lo-
cal Option Law and brings the case here by appeal. He
filed no brief but his counsel argued the case orally.
We have examined the record and perceive no ground
for disturbing the judgment. It was admitted at the
trial that prohibition had been regularly adopted in
Holt county under the provisions of the Local Option
Law. The indictment charged "that on the — day of
September, 1908, when said law was in full force and
effect as the law of the state in said county, one A.
F. Brown, in the said county of Holt, did then and there
unlawfully sell intoxicating liquor containing alcohol,
to-wit: One pint of whiskey, to one John Scott, Jr., for
the price and sum of seventy-five cents, without then
and there having any legal authority to make such sale;
against the peace and dignity of the state."

We find the indictment sufficient in all respects and the only issue in the case was whether or not defendant sold the liquor as charged.

The prosecuting witness testified that in September, 1908, he went to the drug store of defendant and found defendant and a Doctor Miller in the store. He asked for a pint of whiskey put up in two half-pint bottles. Defendant came from behind the counter and asked, ''What does he want? Dr. Miller replied, ''He wants a pint of whiskey.'' Defendant and the doctor then retired behind the prescription case and in a moment defendant returned with the whiskey and handed it to the witness who then paid him the price demanded, i. e., seventy-five cents.

Both defendant and Miller denied that any such transaction occurred. The issue of fact thus presented by the evidence was submitted to the jury in appropriate instructions and was resolved against defendant.

We are asked to say there is no substantial evidence to support the verdict, but we cannot accede to this request. The prosecuting witness does not impress us favorably, but he stated positively that he bought the whiskey from defendant and paid him for it. This testimony certainly was substantial. Its truth or falsity, as well as the credibility of the witness, was an issue of fact for the jury to decide. The rule is well settled that ''although the defendant's guilt seems doubtful, the weight of the evidence is for the jury, and where there is evidence on which to predicate the verdict, as in this case, the jury having been properly charged on the subject of reasonable doubt, this court will not interfere.'' [State v. Napper, 141 Mo. 401; State v. Barton, 142 Mo. 450; State v. Williams, 149 Mo. 496; State v. DeWitt, 152 Mo. 76.]

In support of his motion for a new trial defendant filed the following affidavit of the prosecuting witness: ''John Scott being duly sworn, upon his oath states

that he was the prosecuting witness in the State of Missouri versus Albert F. Brown, tried in the Holt county, Missouri, circuit court, April term, 1909; That he now believes that he might have been mistaken in testifying that said Albert F. Brown sold and delivered to him the liquor sworn to by him in his testimony in said suit and that the same might have been sold and delivered to him by Dr. E. J. Miller, who was in the drug store at the time of the alleged sale, and affiant now states that he cannot positively state or swear which one it was that delivered him the said liquor, and he now states that he cannot be positive that said Brown was the party; that this statement is voluntary and freely made by the affiant of his own free will in order that substantial justice may be done the said Brown in said cause.''

The trial court properly overruled the motion for a new trial despite this affidavit. Putting aside other considerations the ''mistake'' which appears to weigh so heavily on the tardily quickened conscience of the witness involved only an immaterial fact. It was the defendant's drug store and the defendant's whiskey and the defendant was present at the sale. It cannot make the slightest difference in the criminal liability of defendant whether he handed out the liquor and took in the money or his agent, the doctor, did that service for him. Where a person acts as the clerk or agent of another in selling intoxicating liquors in violation of law, either may be indicted. [Schmidt v. State, 14 Mo. 137; Hays v. State, 13 Mo. 246; State v. Quinn, 40 Mo. App. 627; State v. Morton, 42 Mo. App. 64; State v. Heinze, 45 Mo. App. 403; State v. Dugan, 110 Mo. 138.] The judgment is affirmed. All concur.