## STATE OF MISSOURI, Respondent, v. WILLIAM CRAWFORD, Appellant.

### Kansas City Court of Appeals, November 21, 1910.

1. **INTOXICATING LIQUORS—Act of Clerk—Consent of Proprietor—Premises.** Where a proprietor is prosecuted for the act of his clerk in permitting liquor to be drunk on the premises, the consent of the proprietor to the act is necessary in order to establish his guilt.

2. **————:. ————: ————: Prima Facie Case: Burden: Order to Clerk.** If it be shown that a clerk permitted liquor to be drunk on the premises it will be presumed that the proprietor consented thereto, and a prima facie case is made. The burden is cast upon the proprietor to show that he did not consent. But he need not show that he ordered the clerk not to commit the act, and an instruction so requiring is erroneous.

3. **————: ————: Knowledge: Consent.** Knowledge of an act in permitting liquor to be drunk on the premises is not, necessarily, consenting thereto, and an instruction in effect using knowledge and consent as meaning the same thing, is erroneous.

4. **————: ————: ————: Circumstances: Inference.** There may be guilty knowledge by the proprietor of the act of the clerk and consent to the clerk's act may be inferred from knowledge in certain circumstances.

Appeal from Holt Circuit Court.—*Hon. J. W. Peery,* Special Judge.

REVERSED AND REMANDED..

*R. B. Bridgeman, John W. Stokes* and *John Kennish* for appellant.

*H. F. Alkire,* prosecuting attorney, and *Frank Petree,* assistant prosecuting attorney, for respondent.

ELLISON, J.—The defendant is a druggist and was convicted of a violation of section 3051, Revised Statutes 1899, in permitting intoxicating liquor to be drunk on his premises.

The appeal is based upon error said to be embodied in an instruction for the state, that if "any one in the employ of the defendant as a clerk in his drug store did suffer intoxicating liquors, to-wit: beer, to be drunk at or about his place of business, his drug store, in Holt county, Missouri, you will find the defendant guilty as charged in the second count in the indictment, unless you shall find that the said clerk, in permitting said liquors to be drunk at or about the premises as aforesaid, was acting contrary to the orders of defendant, given in good faith by him, and without his knowledge or consent; and you are instructed that the burden of proving that such orders were given by the defendant, and that such orders were given in good faith, and that the defendant had no knowledge of their violation devolves upon the defendant, and unless he has made such proof to your satisfaction then you should presume that he gave no such orders."

An accused cannot be convicted of an act committed by another unless he consented thereto. His knowledge that another is to commit, or is committing, the act, will not suffice to make him guilty, for he may know it and yet fruitlessly object. [State v. McAdoo, 80 Mo. 216.] He must consent. When a sale of intoxicating liquor, or suffering it to be drunk on the premises, is the matter on trial, a prima facie case will be made against the defendant if the state shows that the act was committed by his clerk or employee; for such character of agent is presumed to be acting by his authority. So then, if nothing further appeared affirmatively or by circumstance, it would be the duty of a jury to convict. [State v. Reiley, 75 Mo. 521; State v. Durkem, 23 Mo. App. 387.] In other words, the burden is cast upon defendant to relieve himself of the presumption. How is he to do that? The instruction of which complaint is made says that he must show that he, acting in good faith, gave orders

to the clerk not to permit liquor to be drunk on the premises. We have not been cited to any authority requiring a proprietor to call up his employee and order him not to violate the law. There are cases where an accused has endeavored to show himself not guilty by proving that the act was against his orders, which is, of course, a good defense. It is a defense he may prove; but I know of no law saying he shall prove it. It is a very good defense, but it is not a sole defense. Any other mode of showing non-consent will suffice. And the opinions in which the expression occurs that the burden is on the proprietor to show the act of the clerk was contrary to his orders, are in cases where that was the claim made by such proprietor and the language of the court was addressed to such defense. If a proprietor (a druggist, for instance) must give orders to his clerk not to sell liquor, and not to permit liquor to be drunk on the premises, then, in order to escape liability for a number of other acts of the clerk in violation of the statutes as to druggists, he must have given orders as to them also; and by reference to that statute it will be seen these are numerous.

Not only does the instruction require orders to be given by the proprietor, but it makes necessary for him to show that he neither consented nor knew of the act of his clerk. The law does not require more than a showing of non-consent, for as already said, one may have had knowledge of a thing to which he strenuously objected. Judge Johnson stated, in State v. Morgan, 134 Mo. App. 726, that: "To justify the jury in finding the defendant guilty, it was not enough for them to believe from the evidence that he had knowledge of the drinking; the fact that he consented to the act was essential."

But from the foregoing it must not be supposed that express consent is required, or that affirmative evidence is necessary, to sustain a conviction. Con-

sent may be shown in a variety of ways. It may be made clear by circumstances. There may be a guilty knowledge. If there be knowledge with acquiescence, it is tantamount to consent, and therefore the consent may sometimes be established by proving knowledge. So consent may be proven though it cannot be shown that the proprietor knew of the specific act charged, for his consent may be general, and, in most instances, is general, rather than special.

There is nothing in the cases of State v. Chipp, 121 Mo. App. 556, and State v. McAnally, 105 Mo. 333, that we consider applicable to the instruction.

The judgment will be reversed and the cause remanded. All concur.