STATE OF MISSOURI, Respondent, v. JAMES A. STAMPER, Appellant.

Kansas City Court of Appeals, November 20, 1911.

1. CRIMINAL LAW: Illegal Sale of Liquor: Principal and Agent: Evidence: Other Similar Offenses. Defendant, a druggist, was convicted of making an illegal sale of liquor. The offense was committed by his clerk. There was evidence showing similar sales in and out of defendant's presence. It is held that there was sufficient evidence to support the verdict.

2. ———: ———: ———: Burden of Proof. Where a clerk acts as agent of another in selling intoxicating liquors in violation of law, either may be indicted. In such case the principal will be liable to conviction unless he overcomes the burden cast upon him of showing that such sales were unauthorized by him.

3. ———: ———: ———: Question for Jury. Where the state makes a prima facie case of an illegal sale of liquor by a clerk, and the defendant furnishes testimony showing that he forbade such sales, which is not directly contradicted, the credibility of the defendant and the witness is for the jury.

4. ———: ———: ———: Evidence: Regulation of Agent. Where a principal is on trial for an illegal sale of liquor by his clerk, evidence of the reputation of the clerk as a violator of the law regulating the sale of liquors is competent.

5. ———: ———: ———: ———: Other Similar Offenses. In a prosecution of a principal for an illegal sale of liquor by his clerk, the evidence should ordinarily be confined to the sale alleged. But where the defendant claims to have instructed the clerk not to make such sales, it is competent to prove that both he and the clerk had made similar illegal sales.

State v. Stamper.

6. **PRACTICE: Trial: Misconduct: Improper Argument.** In a liquor case of this character, where jurors are frequently reluctant to enforce the law, the prosecutor did not go beyond the pale of legitimate discussion in urging upon the jury that if they wanted the laws enforced and the officers to do their duty, they ought to convict the defendant, it being evident that the prosecutor intended that the jury should convict the defendant because he was guilty, and not that they should convict him even if innocent.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*A. P. Hamilton* for appellant.

*Maurice G. Roberts* for respondent.

(1) The testimony showing that Henry Gordon, defendant's clerk, who sold the whiskey to Hightower, bore the general reputation selling liquor illegally in defendant's store in the summer of 1907, was competent in chief to prove that the defendant knew Gordon was selling, because no man is presumed to be so much of a recluse as not to be aware of what is generally known and talked of in the neighborhood. Such general reputation is one method of proving knowledge by a member of the community. 1 Wigmore on Ev., secs. 245 (3), 250 (2), 251 (3), 257 (9), and 261 (3); 1 Greenleaf on Ev., p. 168; 1 Wharton on Ev., (2 Ed.), sec. 252, p. 229; 23 Cyc., p. 255 (D), and 257 (F); 8 Ency. of Ev., pp. 20, 22 and 535; Benoist v. Dent, 12 Mo. 196; Short v. Bohle, 64 Mo. App., 245; State v. Brooks, (Kas.) 85 Pac. 1013; Stallengs v. State, 33 Ala. 425; Tatum v. State, 63 Ala. 147; Palmer v. Coyle, 187 Mass. 136, 72 N. E. 844; Bashinki v. State, 122 Ga. 164, 50 S. E. 54; Adams v. State, 25 Ohio St. 584; Branden v. Fernday, 16 La. 296; Stephenson v. Kilpatrick, 166 Mo. 268; Grube v. Railroad, 98 Mo. 339. (2) While evidence of sales

other than those alleged in the indictment are not ordinarily admissible, yet in this class of cases when the state is seeking to convict the defendant for an illegal sale of intoxicating liqour by his clerk in his absence, evidence of other illegal sales is admissible to show that the defendant authorized and consented to the sale charged in the indictment and that his instructions not to sell were not given in good faith. 1 Wigmore on Ev., sec. 377 (1), 367 and 301; Black on Intox. Liquors, sec. 505, p. 595, and sec. 510, p. 602; Joyce on Intox. Liquors, sec. 687, p. 732; 23 Cyc., p. 269 (3); 2 Woollen and Thornton on Intox. Liquors, p. 1612, sec. 931; 7 Ency. of Evidence, p. 737; State v. Seigenthaler, 12 Mo. App. 514; Comm. v. Nash, 135 Mass. 541; State v. Wentworth, 65 Me. 234; Hensley v. State, 52 Ala. 10; State v. Sellers, 98 Ala. 72, 13 So. 1530; King v. State, 66 Miss. 502, 6 So. 188; State v. Sodini, 87 N. W. 1130; State v. Winner, 153 N. C. 602, 69 S. E. 9; Com. v. Rooks, 150 Mass. 59, 22 N. E. 436; State v. Shaw, 58 N. H. 73.     (3)    The evidence showing Henry Gordon's general reputation as an illicit liquor seller was admissible for another purpose, to wit, to impeach his testimony, and the fact that the testimony was introduced in chief and not in rebuttal was a harmless error in this case.   State v. Oliphant, 128 Mo. App. 252.   (4)   Proof of sale by clerk prima facie established the liability of defendant, and whether the instructions not to sell were given in good faith was entirely a matter for the jury, and their finding will not be disturbed on appeal.   State v. Quinn, 10 Mo. App. 627; State v. Durkem, 23 Mo. App. 387; State v. Riley, 75 Mo. 721; Town of Kirkwood v. Autersmith, 21 Mo. App. 73; State v. Heinze, 45 Mo. App. 403; State v. Brown, 131 S. W. 760.   (5) The prosecuting attorney's remarks were not beyond the pale of legitimate argument.   State v. Whitsett, 232 Mo. 511; State v. Glasscock, 232 Mo. 278.

.BROADDUS, P. J.—The defendant was indicted as a druggist for the illegal sale of intoxicating liquor, tried and convicted. From the judgment he has appealed. On the trial it was admitted that defendant at the time the alleged illegal sale was made, was a pharmacist and dealer in drugs in the town of Lawson, Ray county, Missouri; and that one Henry Gordon in his employ as clerk and pharmacist was a registered pharmacist in said county and state.

A witness by the name of Hightower testified that he bought of said Henry Gordon one pint of whiskey for which he paid twenty-five cents in defendant's said drug store, in July or August, 1907; that he had no written prescription from a physician; and that there was no one in the store at the time except himself and said Gordon. Another witness for the state testified that he was in said drug store several times during the summer of 1907; that he saw both the defendant and Gordon sell intoxicating liquor in the store without prescriptions and that he also bought liquors from both of them without having a prescription. Several witnesses testified that Gordon had the reputation of selling liquor in defendant's drug store during the summer without prescriptions.

The defendant testified that he instructed his pharmacist, Gordon, in good faith not to sell liquor without the written prescription of a physician. And defendant further testified that if Gordon did sell liquor in the summer of 1907, without a prescription, he had no knowledge of it. His son, David, testified that he heard his father instruct Gordon not to sell liquor without a prescription.

The prosecuting attorney in his address to the jury used the following language: "If you men want the criminal laws of this county enforced, convict this man." Defendant asked the court to reprimand him for using such language, which the court refused

to do.   At another time he spoke as follows:   "I may do my duty; the sheriff may do his and the judge may do his, but you can go back to Knoxville township and Grape Grove township and howl all you please about the officers failing to do their duty, yet unless you convict these men for selling liquor the officers can do nothing."   Again counsel for defendant asked the court to reprimand the attorney and the court again refused to do so.   The attorney then continuing said: "Gentlemen, by the court failing to reprimand me, I take it that I am using the right kind of argument."

The appellant contends that it was the drug clerk who was tried instead of the defendant, there being no evidence offered to contradict the defendant's evidence that the liquor was sold contrary to his instructions and no effort to impeach his reputation or that of his witnesses for truth and veracity. It is held in this state that where a person acts as clerk or agent of another in selling intoxicating liquors in violation of law either may be indicted.   [State v. Brown, 131 S. W. 760.]   "A druggist will be held criminally liable for the act of his clerk committed in his absence in selling liquor in violation of law, unless he shows that the sale was made without his assent." [State v. Reiley, 75 Mo. 521.]   And it is held that: "If an agent sells intoxicating liquors without the consent of his principal, the principal will still be liable, unless he shows such sale was unauthorized and forbidden, and the burden of so showing would be upon him."   [State v. Heinze, 45 Mo. App. 403.]   This case falls within the rule stated and as the burden was upon defendant to show that it was forbidden by him it was for the jury to say whether he had so shown. Defendant seems to think that because his evidence was not directly contradicted and himself and witnesses unimpeached the prima facie case made out by the state was rebutted.   But in this defendant is in error. It was for the jury to pass upon the credibility of de-

fendant and his witnesses and the court properly submitted that question to the jury. And there was no error in the admission of evidence as to the reputation in the community of the clerk, Gordon, as a violator of the law regulating the sale of intoxicating liquors. [State v. Oliphant, 128 Mo. App. 252.]

It is a rule in this state to confine the prosecution to evidence relating to the sale alleged. [State v. Seigenthaler, 121 Mo. App. 510.] And there can be no good reason assigned why it is not a just and proper rule, for it would be a hardship upon defendant to charge him with a specific act and convict him with another and different act of which he had no notice and perhaps was unprepared to meet. But there are circumstances in which proof of other unlawful sales of liquor is competent, not for the purpose of proving the specific act charged, but to show a habit or course of business of the defendant. As in this case, defendant seeks to escape liability for the specific act of his clerk in selling the intoxicating liquor contrary to law on the ground that he had forbidden him to sell without a prescription. Evidence, therefore, should be admissible to show that both he himself and his clerk had been in the habit of making sales of liquor contrary to the provisions of the drug law. The evidence tends to rebut that of defendant that he had in good faith forbidden agent to make such illegal sales and as such it is impeaching evidence. [State v. Oliphant, supra, l. c. 261.] Furthermore, it is said: "If there be knowledge with acquiescence, it is tantamount to consent, and therefore the consent may sometimes be established by proving knowledge. So consent may be proven though it cannot be shown that the proprietor knew of the specific act charged, for his consent may be general, and, in most instances, is general, rather than special." [State v. Crawford, 151 Mo. App. l. c. 405.] Under the ruling in that case we believe evidence of other sales made by his clerk and

sales made by himself was competent to show in a general way defendant's consent to the specific act charged.

The language used by the prosecuting attorney to which exceptions are taken was somewhat unusual on such occasions. It was a strong appeal to the jury to perform their duty and enforce the law, and to convict the defendant. And when we take into consideration the reluctance of jurors as a rule to enforce the laws prohibiting the sale of intoxicating liquors, we are not prepared to say that the prosecuting attorney in his remarks went outside of the pale of legitimate discussion. There is nothing in what he said that can properly be construed to mean that the jury should convict the defendant whether he was guilty or not guilty, but that they should enforce the law because he was guilty. The cause is affirmed.