STATE OF MISSOURI, Respondent, v. GEORGE CAMPBELL, Appellant.

St. Louis Court of Appeals, February 3, 1914.

1. **DRAMSHOPS: Sales of Intoxicating Liquor on Sunday.** While a dramshop keeper is guilty of a violation of Sec. 7216, R. S. 1909, if he either expressly or impliedly consents to a sale of intoxicating liquor on his premises on Sunday, his criminal liability is not predicated upon his failure to exercise care to prevent such sale, for the statute does nor reckon with his negligence as such.

2. ———: ———. Where a dramshop keeper acts in good faith and in no way authorizes, consents to, or countenances, a sale of intoxicating liquor on his premises on Sunday, the law does not pronounce him guilty of violating the statute for failure to notify his employee not to violate the law.

3. ———: ———. To justify the conviction of a dramshop keeper, under Sec. 7216, R. S. 1909, for the sale of intoxicating liquor on his premises on Sunday, by a person employed by him, it must appear that he in some manner consented to the illegal sale. Proof of an illegal sale by one employed by him to sell intoxicating liquor upon his premises raises a presumption that he consented thereto and makes a prima-facie case against him, but he may rebut such presumption by showing

that he did not consent to the sale, and that it was made, either without authority, or contrary to his wishes.

4. ———: ———. While, in order to justify the conviction of a dramshop keeper under Sec. 7216, R. S. 1909, for the sale of intoxicating liquor on his premises on Sunday, by a person employed by him, it must appear that he in some manner consented to the illegal sale, yet it is not essential that express consent be shown, nor is affirmative evidence necessary, but consent may be shown by circumstances or by knowledge of the illegal sale, with acquiescence, or by proof of general consent to such sales; and if the dramshop keeper connived at or acquiesced in the illegal sale, the fact that he ordered his employee not to make it would afford him no protection.

5. ———: ———. A dramshop keeper is prima facie liable for the acts of his employees in selling intoxicating liquor on his premises on Sunday, in violation of Sec. 7216, R. S. 1909, but is not liable for the acts of a trespasser or interloper who may gain entrance into his dramshop and who, without his knowledge or consent, sells intoxicating liquor in his dramshop on Sunday.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED.

*A. E. L. Gardner* for appellant.

(1) The State must prove that the defendant consented to the sale; mere knowledge of the sale is not sufficient; nor is the failure to "exercise reasonable care" a crime under the dramshop law. State v. Crawford, 151 Mo. App. 402; State v. McAdoo, 80 Mo. 216; State v. Baker, 71 Mo. 475; State v. Reiley, 75 Mo. 521; State v. Morgan, 134 Mo. App. 726; State v. Durkem, 23 Mo. App. 387; State v. Stamper, 141 S. W. 432. (2) The defendant is liable only for the acts of his clerk or agent. State v. Pollard, 155 Mo. App. 319; State v. Stamper, 141 S. W. 432.

ALLEN, J.—The defendant, a licensed dramshop keeper, was convicted of unlawfully suffering intoxi-

180 App. 39

cating liquor to be sold upon his dramshop premises on Sunday. His punishment was assessed at a fine of fifty dollars, and he appeals.

The evidence on behalf of the State tended to show sales of intoxicating liquors upon defendant's dramshop premises, in a dining room adjoining defendant's barroom, one Saturday night shortly after midnight, or in other words early Sunday morning; and there was evidence that defendant was present in person upon this occasion when such sales are said to have been made. On behalf of the defendant, however, there was testimony of himself, and of patrons of his establishment who were present, that no such sales were made after midnight upon the occasion in question, but that intoxicating drinks were refused to those present at or shortly before midnight, and that the bar was then closed. On behalf of the State two witnesses testified that on the afternoon of the same Sunday they procured beer in defendant's barroom, and that they saw other persons purchasing and drinking beer therein. As to the latter sales, the defendant contended that he knew nothing thereof, and that such sales, if any, were made without his knowledge or consent and against his directions.

It is not disputed that there was substantial evidence to sustain the conviction, but it is urged that the trial court committed reversible error in instructing the jury. One instruction is as follows:

"It is unlawful for a licensed dramshop keeper to suffer or permit intoxicating liquor to be sold upon or about his dramshop premises on Sunday. He must exercise reasonable care, such as would be exercised by a person of ordinary care and prudence in the same or similar circumstances, to prevent any such sale. While the law does not require him to remain in person in his dramshop all that day and watch to prevent such sale, yet if he absents himself and has reasonable ground to believe that any person will attempt to

make such sale, he must in good faith exercise such reasonable care to prevent such person from doing so, and notify such person in good faith not to do so, and if he fails to exercise such care, and by reason of such failure intoxicating liquor is sold upon or about his dramshop premises by such person or some persons having access to his dramshop, he must be deemed to have suffered and permitted the act of such person.

"And if any such sale is made in his premises, and in the exercise of such reasonable care he would know of such sale in time to prevent the making of the same, and if he does not prevent it, or do any act to prevent it, he must be deemed to have suffered and permitted such sale."

That reversible error inheres in this instruction we think cannot be doubted. In the first place, it proceeds upon the theory that the duty enjoined upon defendant by law was to exercise reasonable care to prevent the sale of intoxicating liquors upon his premises on Sunday. The statute provides that a dramshop keeper shall not sell, give away or otherwise dispose of intoxicating liquors on Sunday, or "suffer" the same to be done; and while he is guilty of a violation thereof if he either expressly or impliedly consents to such sale, and much will depend upon his good faith in the premises, his criminal liability is not predicated upon a failure on his part to exercise care to prevent a sale, for the statute does not reckon with his negligence, as such.

The instruction further tells the jury, that if a dramshop keeper absents himself from his place of business on Sunday and has reasonable ground to believe that any person will attempt to make a sale of intoxicating liquors, he must in good faith exercise reasonable care to prevent any person from so doing, and must "notify such person in good faith not to do so."

It is not an absolute requirement of the law that a dramshop keeper actually notify his employee not to violate the statute. The presumption is that the latter will not, of his own accord, do so. And if it appear that the dramshop keeper acted in good faith, and in no way authorized, consented to or countenanced an illegal sale, the law does not pronounce him guilty merely for a failure to notify his employee not to violate the law. With respect to this question the Kansas City Court of Appeals, speaking through ELLISON, J., says:

"The instruction of which complaint is made says that he must show that he, acting in good faith, gave orders to the clerk not to permit liquor to be drunk on the premises. We have not been cited to any authority requiring a proprietor to call up his employee and order him not to violate the law. There are cases where an accused has endeavored to show himself not guilty by proving that the act was against his orders, which is, of course, a good defense. It is a defense he may prove; but I know of no law saying he shall prove it. It is a very good defense, but it is not a sole defense. Any other mode of showing nonconsent will suffice."

To justify a conviction it must appear that the dramshop keeper, in some manner consented to the illegal sale. Proof of an illegal sale by one employed by him to sell intoxicating liquors upon his dramshop premises affords the presumption that he consented thereto, and makes a prima-facie case against him, but he may rebut and overthrow such presumption by showing that he in no manner consented thereto, but that such sale was either without authority or contrary to his orders. [See State v. Meagher, 49 Mo. App. 571, and cases cited.] But to make good his defense it is not necessary to show more than nonconsent in the legal acceptation of that term. [See State v. Crawford, 151 Mo. App. 402, 131 S. W. 43; State v.

Morgan, 134 Mo. App. 726, 115 S. W. 491.] But, as said in State v. Crawford, supra, "it must not be supposed that express consent is required, or that affirmative evidence is necessary, to sustain a conviction. Consent may be shown in a variety of ways. It may be made clear by circumstances. There may be a guilty knowledge. If there be knowledge with acquiescence, it is tantamount to consent, and therefore the consent may sometimes be established by proving knowledge. So consent may be proven though it cannot be shown that the proprietor knew of the specified act charged, for his consent may be general, and, in most instances, is general, rather than special." And if he connive at or acquiesce in the act, the fact that he had ordered his bartender, or other such employee, not to make such sale, but not in good faith, would afford him no protection. [See State v. Pierce, 111 Mo. App. 216, 85 S. W. 663.]

And though the instruction here under consideration requires the dramshop keeper to notify others not to make a sale on Sunday only where such dramshop keeper absents himself and "has reasonable ground to believe" that some person will attempt to make such sale, it is not within the law governing this question; for it is not enough that he may have a mere suspicion that some one may undertake to violate the law, but his consent thereto must appear, either by way of express assent, or through connivance, acquiescence, or otherwise. [State v. Morgan, supra, l. c. 728.]

Furthermore, the instructon is, we think, clearly erroneous for another reason. And that is that it authorizes a conviction for a sale made not by defendant, or by any of his employees, but by any person "having access to his dramshop." As we have said above, it cannot be doubted that the defendant is prima facie liable for the acts of his bartender or any other person employed or authorized to sell intoxicating liquor

upon his dramshop premises. However, he is not liable for the acts of a mere interloper of trespasser, acting without his knowledge or consent, and who may gain access to his premises. It is quite clear that the instruction is too broad in authorizing a conviction for a sale by any person having access to his dramshop.

We think it clear that error inheres in this instruction prejudicial to the defendant, necessitating a reversal of the judgment. Other instructions proceed upon substantially the same theory as does this one, And it is unnecessary for us to discuss them separately.

For the errors thus appearing, the judgment is reversed, and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.