STATE OF MISSOURI, Respondent, v. SAMUEL WALLS, Appellant.

Kansas City Court of Appeals, May 18, 1914.

INTOXICATING LIQUOR: Local Option: Sale by Clerk: Consent. On a charge of selling intoxicating liquor without a license and in violation of the local option law, evidence that defendant was a druggist and that the sale was made in his absence by his clerk without a prescription and against his instructions. It was held that there was no evidence that the defendant knew of or authorized or consented to the sale. State v. Crawford, 151 Mo. App. 402.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED.

*Silvers & Silvers* for appellant.

*D. C. Chastain* for respondent.

ELLISON, P. J.—Defendant, the proprietor of a drug store, was indicted for selling intoxicating liquor to one Brown without having a license and in violation of the local option law. He was found guilty and fined four hundred dollars.

Brown was the only witness for the State and defendant the only witness for himself. Brown testified that he made one purchase of a quart of whiskey from defendant's clerk in charge of his drug store without having a prescription for it. He was indefinite as to

the date, but stated that it was about the middle of the winter of 1912 and 1913 and during defendant's absence; he thought while defendant was out of town.

Defendant testified he was absent in Arkansas from the first week in February to the first week in March, and that he never heard of the sale in question until after the indictment. That he never authorized his clerk to make a sale; on the contrary had directed him not to sell liquor without a written prescription from a physician.

This was all the evidence except that a record of defendant's plea of guilty to selling liquor without a license between five and six years prior to this sale and before the local option law was adopted, was admitted over defendant's objection. There was no attempt to follow this up with other acts, or circumstances, closer to the act in question. It was thus left as an isolated matter occurring a great while before. The record we suppose was intended as evidence to show that defendant consented to the clerk making illegal sales generally. But it does not appear that the plea of guilty was in case of sales made by a clerk. We think there was no evidence to show that defendant either authorized, or consented to the sale made to Brown, in the absence of which he should have been discharged. [State v. Crawford, 151 Mo. App. 402.]

The judgment is reversed. All concur.